NATHAN ROME *vs.* ROBERT S. POLLET & others.

Worcester.    September 23, 1929. — October 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To rescind transaction, Laches.  *Equity Pleading and Practice,* Master: exceptions to report, recommittal.

The report of a master in a suit in equity contained no mention of any objection by the plaintiff to the admission or exclusion of evidence. The plaintiff at the hearing on the draft report made no request that any evidence be reported.  After receiving notice from the master that he had settled upon the final draft of his report, the plaintiff filed objections to the report which recited that he had objected to the admission and exclusion of certain evidence and objected to the failure of the master to include the evidence in his report and to such admission and exclusion.  Other objections were to certain facts found by the master. He also moved that the report be recommitted to the master for the reasons set forth in the objections to the report.  An interlocutory decree was entered overruling the exceptions, denying the motion to recommit, and confirming the report.  The plaintiff appealed.  The record included no affidavit in support of the motion to recommit. *Held,* that no error appeared.

When a purchaser of property learns of facts which would justify him in rescinding a sale, he must act promptly in the matter or his right to rescind will be lost.

In the bill in a suit in equity seeking only a rescission of an exchange of real estate on the ground of false representations by the defendant, the plaintiff offered merely to place the defendant *in statu quo* by tendering a deed.  From findings by a master, it appeared that the plaintiff learned of the false representations soon after he acquired the property in October, 1926; that he made no complaint with reference to them to the defendants until shortly before bringing the bill in March, 1928; that, after the bill was filed, a second mortgage on the property which the plaintiff had offered to return had been foreclosed in good faith and proper form by reason of a failure of the plaintiff to make a payment due thereon and the property had been sold to a purchaser in good faith and for a valuable consideration; and that the plaintiff had collected rents during the year and five months while he was in possession of the real estate and had made no offer to account for them.  A final decree was entered dismissing the bill.  The plaintiff appealed.  *Held,* that, without considering findings as to the false representations,

(1) It would have been inequitable to require the defendant to restore property received from the plaintiff while the plaintiff con-

tinued to hold the income collected from the property received by him in the exchange without accounting or offering to account for it;

(2) The plaintiff's inability to reconvey the real estate was due to his own default to which the defendant in no way contributed;

(3) In the circumstances, rescission should not be ordered, and the bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on March 13, 1928, and described in the opinion. It contained no prayer for damages.

The suit was referred to a master. Material facts found by him are described in the opinion.

The record showed the following facts relating to the plaintiff's objections 1, 2, and 3, to the master's report:

Objection 1 included a recital of three questions asked of a witness and of the defendant, and a statement in each case that the plaintiff objected and the question was admitted, and stated: "Objection is therefore taken to the failure of the master to note the testimony upon which the objections were taken and to his permitting the question and answers in connection with such testimony."

Objection 2 contained a recital of a question admitted, a statement that the question was objected to by the plaintiff and the statement: "Objection is made to the master's failure to incorporate the above in the report and to the exclusion of the question."

Objection 3 contained a recital of a question excluded, a statement that the plaintiff objected to the refusal, and the statement: "Objection is made to the report since it did not incorporate the question and objection and to the admissibility of the question."

The master's report contained no statement respecting the questions recited in the above objections, nor any statement that the plaintiff objected as was stated in the objections filed by him. Appended to the master's report was a statement which included the following: "On October 10, 1928, I sent counsel for the parties a copy of my draft report as master, with the notification that I would meet them at my office . . . on October 15, 1928, at 2 P.M. for the purpose of considering suggestions as to my report and the form thereof.

Counsel for the parties were present on that day and made various suggestions in reference to my report. On October 24, 1928, I notified counsel that I had settled upon the final draft of my report, advising them in detail of the changes that I had made in my draft report, with the notification that under the rule five days were allowed within which to bring in objections to the master's report. . . . Counsel for the plaintiff brought in certain objections, which I am annexing hereto."

The plaintiff's motion to recommit the report was as follows: "Now comes the plaintiff in the above entitled cause and moves that the master's report be recommitted, the reasons therefor being set forth in the exceptions taken to the master's report and appended thereto." The record contained no copy of an affidavit submitted in support of the motion to recommit.

Objections to the report other than those described above were to findings of fact. By order of *F. T. Hammond*, J., an interlocutory decree denying the motion to recommit and overruling exceptions to and confirming the report, and a final decree dismissing the bill, were entered. The plaintiff appealed from "the order of the court denying the plaintiff's motion to recommit the master's report and the overruling of the plaintiff's objections to the master's report" and "the decree dismissing the bill."

*S. A. Seder*, for the plaintiff.

*J. Y. Young*, (*M. M. Taylor* with him,) for the defendants Pollet and another.

*L. E. Stockwell*, for the defendant Rosenberg.

SANDERSON, J. This bill was brought to rescind an agreement in pursuance of which the plaintiff acquired title to real estate on Main Street and Thomas Street, in Worcester, in return for a conveyance by him to the defendant Balter Realty Company of real estate on Austin Street in Worcester, the assignment by him to that company of a mortgage of real estate on Kilby Street, in Worcester, and the giving back by him to the company of a mortgage on the Main Street property which he acquired in the transaction. The plaintiff seeks to rescind on the ground of alleged

misrepresentations as to rents received, as to the leases and as to the date of maturity of a second mortgage.

The case was referred to a master to hear the parties and their evidence, and to find the facts. Seven exceptions to the master's report were filed, and these exceptions were relied upon by the plaintiff as a basis of his motion to recommit. An interlocutory decree was entered confirming the master's report, overruling the plaintiff's exceptions and denying the plaintiff's motion to recommit. A final decree was entered dismissing the bill with costs.

The master states in what appears to be an appendix to his report that the plaintiff's objections numbered 1, 2 and 3 are based on his failure to incorporate in the report certain evidence and rulings in reference to the admission or exclusion of evidence, that no request to insert this evidence with his rulings was made before the draft report was sent to counsel, that the intimation that counsel desired the rulings upon evidence brought to the attention of the court came to the master for the first time in the objections.

No error appears in the order of the court overruling the exceptions to the report. The question, whether the case should have been recommitted to the master, was addressed to the discretion of the court, and no ground appears for reversing the decision.

It is unnecessary to consider in detail the findings as to misrepresentations, for, if it be assumed that there were material fraudulent misrepresentations in regard to one or more of the matters set forth in the bill, the plaintiff is not entitled to a decree for rescission.

The master found that the plaintiff learned of the misrepresentations in regard to rents received soon after he acquired the property on October 14, 1926; that he made no complaint in reference to them to the defendants until shortly before bringing this bill, which was filed March 13, 1928. He also found that the plaintiff made his own arrangements with tenants, and was not seriously concerned by the discrepancy in reference to the rents from the tenants at will.

When a purchaser of property learns of facts which would justify him in rescinding a sale he must act promptly in the matter or his right to rescind will be lost. *Royal Bank of Liverpool* v. *Grand Junction Railroad & Depot Co.* 125 Mass. 490, 494. The second mortgage on the Main Street property has been foreclosed since the bill was filed because of the plaintiff's failure to make the payment due thereon March 30, 1928. That foreclosure sale was made in good faith and proper form, and the property conveyed to one Lewis who was a purchaser in good faith and for a valuable consideration. This sale has made it impossible for the plaintiff to reconvey this property. The plaintiff has collected rents during the year and five months while he was in possession of the Main Street real estate, and has made no offer to account for them. The only offer in the bill was that the plaintiff would put the defendants *in statu quo* by tendering a deed. It would be manifestly inequitable to require the defendants to restore property received from the plaintiff while he continued to hold the income collected from the property received by him without accounting or offering to account for it.

The plaintiff's inability to reconvey the real estate is due to his own default to which the defendants in no way contributed. *O'Shea* v. *Vaughn,* 201 Mass. 412, 423. His inability under these circumstances to restore this part of the consideration received would in itself deprive him of any right to a decree for rescission. *Shea* v. *Manhattan Life Ins. Co.* 224 Mass. 112, 116. *Solomon* v. *Kaufman,* 250 Mass. 276, 278. *Carchidi* v. *Kalayjian,* 260 Mass. 120, 122.

The plaintiff not being entitled to rescission because of his failure to account for money received by him, and of his inability through his own fault to reconvey the property received by him, it is not necessary to consider other grounds upon which it is contended that rescission could not be ordered.

*Decree affirmed with costs.*