PHILIP N. ABELOFF, trustee, *vs.* MORRIS A. PEACARD.

Suffolk. November 25, 1929. — June 30, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Appeal: record; Findings by judge. *Sale,* Conditional: notice under G. L. c. 184, § 13.

In a suit in equity by a mortgagee of real estate to restrain the defendant from removing from dwelling houses on the mortgaged premises certain ranges installed therein by the defendant and to declare invalid a notice of conditional sale of such ranges recorded by the defendant in the registry of deeds, a final decree was entered, reciting that the case "came on to be heard after trial on the merits and the filing of a memorandum by the court," and ordering that the defendant had "no title" to the ranges, that the notice was "not in conformity with law and" was void and that it "be and the same is hereby ordered cancelled and stricken from the records." The defendant appealed. The record before this court contained nothing answering the description of the "memorandum" referred to in the decree, and no order under G. L. c. 214, § 24; Equity Rule 29 (1926). There was with the papers before this court a paper entitled "commissioner's report," attested by an assistant clerk of the court as a "copy" of "a true record of the testimony reported" by an "official court stenographer." *Held,* that

(1) The record was informal and defective;

(2) Recital of findings of fact in the defendant's brief were not entitled to be considered;

(3) The paper entitled "commissioner's report" was improperly before this court;

(4) The finding of every other fact essential to the entry of the decree was implied from such entry, in the absence of a report of the evidence;

(5) The record disclosed no error in the decree.

A notice in writing, filed in a registry of deeds on December 20, 1928, stating that a certain corporation "sold to" another corporation nine ranges "with galvanized waterfronts, smoke pipe leg rests and couplings to be installed in premises at" an address within the registry district "and was delivered thereon December 14, 1928, 19 [*sic*] on conditional bill of sale," with a statement of the purchase price and terms as to payment and of an agreement that "title to said personal property is to remain in the Vendor until purchase price is paid in full," if it appeared that there was an agreement for conditional sale of nine ranges, six of which were delivered in November, did not comply with the requirements of G. L. c. 184, § 13, because it was filed more than ten days after the delivery of the six ranges.

If it appeared that there was an agreement in effect covering only three ranges, the notice above described failed to comply with the statute in that it did not contain a description of the property "sufficiently accurate for identification" or a correct statement of "the amount of such purchase price remaining unpaid."

A mortgagee of the real estate referred to in the above notice, who, after seeing the record of the notice, made further advances on his mortgage, did not thereby waive the right to insist upon the invalidity of the notice.

In the suit in equity by the mortgagee above described, the defendant admitted by his answer that "on the twentieth day of December, 1928, he caused to be recorded in the" registry of deeds "a notice of conditional sale in which he claimed title to certain ranges, etc., installed in the buildings located upon the premises." The notice did not meet the requirements of G. L. c. 184, § 13. A final decree was entered adjudging that the defendant had no title and ordering the notice "cancelled and stricken from the records." *Held,* that

(1) The defendant, by filing a notice purporting to comply with G. L. c. 184, § 13, admitted that the ranges, if put in place as they were designed to be, would be "wrought into or attached to real estate" within the meaning of that statute;

(2) The defendant's admission in his answer that the ranges were "installed" meant that they were so put in place;

(3) In such circumstances, having failed to comply with the statute, he could not retain title to them as against the plaintiff;

(4) The existence on the records of the notice of conditional sale constituted a cloud on the plaintiff's title to the real estate;

(5) The decree was proper.

BILL IN EQUITY, filed in the Superior Court on March 25, 1929, and described in the opinion.

The suit was heard by *Gray,* J. There was not included in the record a statement of findings by the judge nor any order under G. L. c. 214, § 24; Equity Rule 29 (1926), although there was with the papers before this court the printed statement respecting evidence described in the opin-

ion. It did not include exhibits; but there was in it a statement: "(Record of notice of conditional sale of personal property introduced and marked Exhibit 3.)" The bill and answer referred to such notice as recorded in the Suffolk Registry of Deeds, Book 5067, page 352. Included with the papers before this court was what purported to be a certified copy of a document thus recorded. It was in substance as follows:

"NOTICE OF CONDITIONAL SALE OF PERSONAL PROPERTY (General Laws, Chap. 184, Sec. 13) NOTICE IS HEREBY GIVEN that The Peacard Heating Supply Co. doing business at 195 Dudley Street, Roxbury sold to Bay State Realty & Construction Co. a Mass. corporation the following described personal property, viz: 9 #981–2 United Premier Enameled Ranges with galvanized waterfronts, smoke pipe leg rests and couplings to be installed in premises at 941–949–951 Hyde Park Ave. Hyde Park and was delivered thereon December 14, 1928, 19 [*sic*] on conditional bill of sale; it being agreed between the Vendor and Vendee that title to said personal property is to remain in the Vendor until purchase price is paid in full, the terms of payment being as follows, The entire sum of eleven hundred and twenty-five ($1125.00) dollars to be paid within thirty days of delivery. The amount of the purchase price remaining unpaid is $1125. The present record owner of said real estate is Bay State Realty & Construction Co. a Mass. Corporation. PEACARD HEATING SUPPLY CO. Morris A. Peacard Vendor."

From the final decree described in the opinion, the defendant appealed.

The case was submitted on briefs.

*M. Kabatznick,* for the defendant.

*M. Jacobs,* for the plaintiff.

FIELD, J. This is a bill in equity brought in the Superior Court by a mortgagee of real estate to restrain the defendant from removing from the dwelling houses on the mortgaged premises certain ranges installed therein by the defendant

and to declare invalid a notice of conditional sale of such ranges recorded by the defendant in the Suffolk registry of deeds. The defendant admitted by his answer, among other things, that "on the twentieth day of December, 1928, he caused to be recorded in the Suffolk Registry of Deeds . . . a notice of conditional sale in which he claimed title to certain ranges, etc., installed in the buildings located upon the premises. . . ." A decree was entered stating that the case "came on to be heard after trial on the merits and the filing of a memorandum by the court," and that it was "ordered, adjudged and decreed" that "the defendant has no title" to the ranges, that the "notice is not in conformity with law and is void" and that "the said notice be and the same is hereby ordered cancelled and stricken from the records. . . ." The defendant appealed.

The record is informal and defective. The so called "memorandum" (see *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543), referred to in the decree as filed, is not made a part of the record. Obviously, the "Findings of Fact" printed with the defendant's brief are not entitled to be considered. The record does not incorporate the evidence, either testimony or exhibits, and gives no indication that the evidence is reported to this court in the manner authorized by G. L. c. 214, § 24, and Equity Rule 29 (1926). However, a paper entitled "commissioner's report," attested by an assistant clerk of the Superior Court as a "copy" of "a true record of the testimony reported" by an "official court stenographer," was filed here. This is not before us properly.

The record discloses no error in the decree. The decree is within the scope of the bill of complaint and consistent with the allegations thereof admitted by the defendant's answer. The finding of every other fact essential to the entry of the decree is implied from such entry, in the absence of a report of the evidence. See *Leary* v. *Liberty Trust Co. ante,* 1, 8.

If, however, we assume in favor of the defendant that the testimony set out in the "commissioner's report" and the exhibits referred to therein are before us, the same result follows. This evidence tended to show the following

facts: The plaintiff, as trustee, held construction mortgages of real estate in Boston on which dwelling houses were being built by the mortgagor, the Bay State Realty & Construction Company. In November, 1928, the defendant sold upon credit and delivered to the mortgagor six ranges which were installed in a six-family house on the premises. About the time that payment for these ranges became due, a representative of the mortgagor asked the defendant to furnish three more ranges for another house. The defendant and the representative of the mortgagor agreed orally that the defendant would furnish three additional ranges and that the mortgagor would execute a conditional sale agreement in writing covering the nine ranges. On December 14, 1928, shortly after the oral agreement was made, the defendant delivered three ranges on the premises. There was no evidence as to the way in which the ranges were attached to the building. No written agreement for conditional sale was executed. On December 20, 1928, the defendant caused to be recorded in the Suffolk registry of deeds a notice that he had sold nine ranges on conditional bill of sale for $1,125, to be paid "within thirty days of delivery," and had delivered them on the premises in question on December 14, 1928, and that the purchase price remained unpaid. The plaintiff testified that from time to time he examined the records in the registry of deeds, that he saw the record of the notice a few days after it was made, and that thereafter he made further advances on account of the mortgage.

The defendant makes no contention now that the conclusions of the trial judge, recited in the decree, that the defendant had no title to the ranges and that the notice of conditional sale was "not in conformity with law and is void," were wrong as to the six ranges delivered in November.

The conclusion that the notice was "not in conformity with law and is void" as to the three ranges delivered on December 14, 1928, was justified. It is provided by G. L. c. 184, § 13 (later amended by St. 1929, c. 261) that no "conditional sale of . . . ranges or other articles of per-

sonal property, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee . . . of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds . . ." and that the notice "shall contain . . . the terms of payment and the amount of such purchase price remaining unpaid, and descriptions, sufficiently accurate for identification, of such real estate and the personal property delivered or to be delivered thereon." If there was an agreement for the conditional sale of the nine ranges, according to the terms of the notice, the notice was filed too late since it was filed more than ten days after the first six ranges actually were delivered. *Automatic Sprinkler Corp. of America* v. *Rosen,* 259 Mass. 319, 322. If, on the other hand, there was an agreement in effect covering only three ranges the notice did not contain a description thereof "sufficiently accurate for identification" or a correct statement of "the amount of such purchase price remaining unpaid." The amount stated purported to be that remaining unpaid for nine ranges, and the notice did not identify the three ranges delivered on December 14 or indicate the part of the purchase price attributable to them. In either view of the case the notice was void. Its invalidity as a statutory notice was not waived by the plaintiff by his making further advances after seeing it.

As between the plaintiff and the defendant, the conclusion that "the defendant has no title" to the three ranges delivered on December 14, 1928, was warranted. The defendant by filing a notice purporting to comply with the provisions of G. L. c. 184, § 13, admitted that the ranges, if put in place as they were designed to be, would be "wrought into or attached to real estate" within the meaning of that statute. His admission that they were "installed" means that they were so put in place. Under these circumstances he could retain title to them as against a mortgagee of the real estate only by recording

a notice in accordance with the terms of the statute. See *Automatic Sprinkler Corp. of America* v. *Rosen, supra.* This, as already pointed out, he failed to do.

It follows that the existence on the records of the notice of conditional sale constitutes a cloud on the plaintiff's title to the real estate, and the decree ordering the notice "cancelled and stricken from the records" was proper. *Marr* v. *Washburn & Moen Manuf. Co.* 167 Mass. 35. *Flaherty* v. *Goldinger,* 249 Mass. 564.

We may add that even if the "Facts," printed with the defendant's brief, are identical with the "memorandum" referred to in the decree there is nothing therein at variance with our decision.

*Decree affirmed with costs.*