JAMES H. KENNEY *vs.* ALEXANDER BLACKMAN.

Suffolk.    December 6, 1932. — March 2, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Master: findings of fact; Appeal. *Contract,* Construction. *Mortgage,* Of real estate: redemption.

Findings of fact reported by a master, who heard a suit in equity, without a report of evidence presented before him, will not be reversed upon appeals from an interlocutory decree confirming his report and from a final decree based thereon, unless the findings are mutually inconsistent and plainly wrong.

A trial judge, hearing the suit upon such a report, may draw such inferences from the facts so found as are reasonably warranted.

Upon appeal from the interlocutory and final decrees entered in the suit after a hearing upon such a master's report, this court draws its own inferences without giving weight to the decrees.

One who purchased real estate subject to a second mortgage which he did not assume nor agree to pay, when payments under the mortgage fell in arrears made a payment to the holder of the mortgage, who agreed that he would refrain from exercising his power of sale and would allow the owner to remain in possession of the premises, the owner, in consideration thereof, agreeing to pay off the balance of the mortgage in payments of not less than a certain sum per year or one twelfth thereof per month with interest at twelve per cent per annum, to pay the real estate taxes and the interest on the first mortgage, and to maintain and substantially improve the premises, which were then in need of repair. At certain periods within a succeeding year, when the owner was not in arrears if the agreement was for annual payments, the holder of the mortgage entered to foreclose, or threatened to do so, and each time the owner made a settlement on the basis of the holder's right to a monthly payment. A master, who heard a suit by the owner against the holder of the mortgage to enjoin a foreclosure begun when the plaintiff was not in arrears in his payments, whether he was required to make payments yearly or monthly, and for an accounting, found that the agreement called for yearly payments by

the owner, and stated the account. His report was confirmed and a final decree was entered a year and nine months after the suit was begun, stating the entire amount due from the plaintiff at that time on the basis that the agreement called for yearly payments only, and also stating a less amount which was due as of the end of an interest year then over four months past. On appeal by the plaintiff, it was *held*, that

(1) In view of the ·interpretation put upon the contract by the action of the parties to it, the contract called for payments of principal and interest on a monthly basis;.

(2) The plaintiff had no right to rescind which could be based on the theory that entries by the defendant to foreclose such as were shown by the report were equivalent to failure of consideration;

(3) The defendant had a right to foreclose by reason of breaches of the agreement to make the monthly payments;

(4) The defendant had no right to have the monthly payments with interest continued beyond the convenience or pleasure of the plaintiff; the plaintiff at any time, following a disagreement as to amounts, had a right to an accounting as a basis upon which to found a bill to redeem;

(5) The decree was reversed, and the plaintiff was given a right to redeem within thirty days only upon payment of an amount computed on the basis of the whole mortgage debt being due, with interest on payments which should have been made monthly according to the oral agreement.

BILL IN EQUITY, filed in the Superior Court on October 15, 1930, and described in the opinion.

Upon application for a restraining order, the parties "stipulated and agreed that the defendant shall refrain from further proceeding with the foreclosure of the mortgage referred to in the plaintiff's bill until further order of the court."

The suit then was referred to a master. Material facts found by him are stated in the opinion.

The suit was heard by *Donnelly*, J., by whose order there was entered an interlocutory decree confirming the master's report and stating an accounting between the parties on the basis that the oral agreement described in the opinion called for yearly payments only. By the judge's order there then was entered on July 28, 1932, a final decree as follows:

"1. That the plaintiff owes the defendant the sum of $988.66, due March 2, 1932, being the principal and $334.37 interest at twelve per cent per annum due on the mortgage

in the above entitled case, to March 2, 1932, making a total of $1,323.03;

"2. That the balance unpaid on said mortgage as of March 2, 1932, is $526.34 with interest at twelve per cent per annum;

"3. That the plaintiff pay to defendant the sum of $1,323.03 on or before August 15, 1932, and upon failure so to do the stipulation herein filed by the defendant is vacated and discharged;

"4. That the stipulation herein filed by the defendant in so far as it applies to the balance of $526.34 remaining unpaid on the mortgage but not now due be and hereby is vacated and discharged."

The plaintiff appealed.

*W. P. Murray*, for the plaintiff.

No argument nor brief for the defendant.

PIERCE, J.    This is a bill in equity to restrain the foreclosure of a second mortgage in violation of an oral agreement to refrain from foreclosure. The prayer seeks (2) "That the defendant be permanently enjoined and restrained from foreclosing said mortgage"; (3) "That such amount as may be due the defendant be ascertained."

Upon the completion of the pleadings the case was referred to a master who duly made report. No objections nor exceptions were taken, the evidence was not reported and the report was confirmed by the court. The findings of fact by a master if the evidence is not reported will not be reversed unless mutually inconsistent or plainly wrong. *Eddy* v. *Fogg*, 192 Mass. 543. A trial judge may draw such inference from the facts so found as are reasonably warranted. *Smith* v. *Kenney*, 213 Mass. 6, 9. *Fairbanks* v. *McDonald*, 219 Mass. 291, 297. When a case is presented to this court on appeal without a full recital of the evidence the court draws its own inferences from the facts found without giving weight to the decree. *Adams* v. *Whitmore*, 245 Mass. 65, 67–68. *Peirce* v. *Moison*, 256 Mass. 528, 530.

The material facts are as follows: The plaintiff acquired title to the parcel of land described in his bill of complaint

on June 23, 1923.  He took title subject to two mortgages placed on the property by his predecessors in title, but "did not assume or in any form agree to pay either of these mortgages."  On March 2, 1928, the sum due and payable on the second mortgage was $3,344.  The second mortgage and note were then owned, through assignment of the mortgage, by the defendant.  On March 17, 1928, the plaintiff, after preliminary negotiations with one Samuel Blackman, the defendant's brother, who had authority sufficiently broad to make any arrangement for the defendant he thought advisable, upon the falling due of the mortgage paid Samuel Blackman for the defendant's account $60.72, which the plaintiff and Samuel Blackman intended and agreed would reduce the principal due on the second mortgage to $3,300 and would complete all interest payments due to and including March 2, 1928. The plaintiff and Samuel Blackman agreed that the defendant would refrain from exercising his power of sale and would allow the plaintiff to remain in possession of the premises, and that, in consideration thereof, the plaintiff would pay off the balance of the mortgage in payments of not less than $600 per year or $50 per month, with interest at twelve per cent per annum, would pay the real estate taxes and the interest on the first mortgage, and would maintain and substantially improve the premises which were then in need of repair.  In so far as it is a question of fact the master found that the annual basis of payment was established by this agreement.  This is the contention of the plaintiff.

Judged by their conduct, we think it clear that the parties to the agreement understood and at all times acted upon the assumption that the agreement called for payments in instalments of not less than $50 monthly — annually $600 — and of interest monthly upon the balances from time to time shown by the account.  We accept the master's statement of the account on the monthly basis.

The plaintiff made no payments on March 2 or April 2, 1929.  Under the agreement, considered on the basis of

monthly payments, he became for the first time slightly in arrears on April 2, 1929. On that date the defendant entered to foreclose, and published a notice advertising the property for foreclosure sale to be held May 24, 1929. On May 24, 1929, the plaintiff, the defendant, Samuel Blackman and his father, Harris Blackman, met, and the plaintiff made a settlement in which he paid the interest then due on the first mortgage, $60; certain expenses of foreclosure, $102; $250 on account of principal of the second mortgage; and $78, the interest computed at twelve per cent for March, April and May, 1929, on account of interest on the second mortgage. He received credit for $38.25 rent collected by the defendant while in possession. The foreclosure proceedings were then discontinued. The plaintiff made no payments on June 2, July 2 or August 2, 1929. On or about the end of July or first of August, 1929, the defendant, without making entry before witnesses and without recording any certificate of entry, "notified the tenants that he had again taken possession to foreclose." The plaintiff was not at that time in arrears if the agreement was for annual payments. He was in arrears on August 2, 1929, $13.75 if the agreement contemplated payments should be made of not less than $50 monthly. On August 10, 1929, he paid $350 which was applied as follows: $250 to principal of second mortgage, $78 interest on the second mortgage and $22 advertising the foreclosure sale; and after said payment the defendant withdrew from possession of the mortgaged premises. The plaintiff made payments of $50 and interest at twelve per cent in September and October, 1929. He made no payments in November or December, 1929. In January, 1930, he paid $150 on the principal and interest figured at twelve per cent per annum for the elapsed months. He made no further payments within the second year ending March 2, 1930. On the basis of annual payments the master finds that at the end of the second year, March 2, 1930, the plaintiff had overpaid the minimum amount he had agreed to pay by $204.75. In April, 1930, he paid $150 on the principal and no interest. In June, 1930, on the representation of the defendant that the amount was

due, the plaintiff paid the defendant $150.84, of which $61.34 was applied to principal and $89.50 to interest. On October 2, 1930, the plaintiff received a notice from the State Street Trust Company, which had become agent for the defendant in August, 1929, calling for a monthly payment of $50 and interest at twelve per cent for the elapsed months. On October 6, 1930, the defendant made an entry to foreclose before two witnesses on the premises, and filed a certificate of entry in the registry of deeds for Suffolk County on October 23, 1930. It is this last entry that the plaintiff seeks to have set aside by his bill of complaint filed October 15, 1930.

The statement of the account by the master discloses that from March 2, 1928, when the second mortgage became due, to October 6, 1930, the date of the last entry to foreclose, on the annual basis the plaintiff had paid $1,661.34 against the principal and as interest $660.75. This shows a credit balance to the plaintiff of $505.59. On a monthly basis the minimum amount due from March 2, 1928, to October 6, 1930, was $1,550 on the principal and $734.52 for interest on the unpaid balances. On October 6, 1930, the account taken on the monthly basis shows a credit balance to the plaintiff of $37.57. On November 3, 1930, November 2, 1930, being Sunday, the plaintiff made a tender of $77.66. This amount was in excess of the amount due upon the monthly basis or the annual basis of payments. The tender was refused.

On the case as it stood at the filing of the bill, in view of the interpretation put upon the contract by the action of the parties to it, we think the contract called for payments of principal and interest on a monthly basis and not on an annual basis, as the plaintiff contends and the master found. We are of opinion that the agreement of the defendant to "refrain from exercising his power of sale" of the second mortgage which was then in default by necessary implication was understood by the parties to the agreement to be conditional, and that the agreement in essence bound the defendant to "refrain from exercising his power of sale" given the mortgagee in the second mort-

gage so long only as the plaintiff complied with and performed the substantial conditions of the agreement and all the terms of the first and second mortgages. On the facts shown by the report it is indisputable that the several breaches of the conditions of the agreement, which related to payments of principal or interest, warranted entries for the purpose of foreclosing the second mortgage. It is plain that the plaintiff has in equity no right to rescission, regardless of his ability or of the absence of it, to restore the defendant to the *status quo*. As seen, he has no claim for rescission which can be based on the theory that entries to foreclose such as are shown by the report are the equivalent to failure of consideration. The agreement, among other things, calls for payments monthly or annually of sums "not less than $600 per year or $50 per month, with interest at twelve per cent per annum." Under this agreement the plaintiff at any time had the right to pay the balance due with interest upon the second mortgage. The defendant had no right to have the monthly payments with interest continued beyond the convenience or pleasure of the plaintiff. The plaintiff at any time, following a disagreement as to amounts, had a right to an accounting as a basis upon which to found a bill to redeem. As the plaintiff was not in substantial default in the performance of his agreement, there was due on the second mortgage on October 6, 1930, the sum of $3,300 plus the interest at six per cent, less deductions from moneys received by the defendant on account of that principal debt. On the monthly basis, on October 6, 1930, the account showed there was due on the second mortgage $1,638.66. On that day the plaintiff was entitled to redeem the second mortgage on payment to the defendant of $1,638.66, with interest at six per cent to the date of payment, provided such payment be made within thirty days from the date of the rescript in this suit. He was entitled to the further decree that the defendant shall execute and deliver to the plaintiff a discharge of said second mortgage, and have a delivery of the mortgage note. It is further ordered that the bill of complaint shall be dismissed with costs for the defendant if the plain-

tiff shall fail to pay the defendant the sums aforesaid within thirty days from the date of the rescript in this suit. In the opinion of a majority of the court the final decree of the Superior Court should be reversed and the case be remanded to that court for the entry of a final decree not inconsistent with this opinion.

*Ordered accordingly.*