JAMES I. YOFFA *vs.* THE NATIONAL SHAWMUT BANK OF
BOSTON & others.

Suffolk.    October 4, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD & DONAHUE, JJ.

*Equity Pleading and Practice*, Appeal: record. *Equity Jurisdiction*,
Rescission, Retention for assessment of damages.

If, upon appeal from the final decree in a suit in equity, the testimony is reported but exhibits introduced in evidence at the trial are not included in the record presented to this court, this court cannot consider the case as on an appeal with a full report of the evidence.

Where, upon appeal, with a report of the evidence, from the final decree in a suit in equity, certain exhibits introduced at the trial were referred to in the record but were not printed therein, and there were presented to this court various typewritten papers and one printed

pamphlet, but such papers and pamphlet were not incorporated in the record by the trial judge and it did not appear who prepared them or that they were exhibits, it was *held*, that such exhibits were not properly before this court.

Upon appeal from a final decree dismissing the bill in a suit in equity to rescind a purchase by the plaintiff of shares in a trust, there was no ground shown by the record for disturbing conclusions by the trial judge that oral statements, made to the plaintiff when he purchased the shares, to the effect that a certain bank was backing the venture and would "handle it" and that it was "a wonderful thing," were in the nature of dealer's talk and were not false nor misleading, and that certain statements in a circular furnished to the plaintiff were not misleading, false, nor inaccurate.

Inaction, long after the falsity of material misrepresentations of fact leading to a purchase of stock became known to the purchaser, was *held* to bar him from maintaining a suit in equity to rescind the purchase, especially where it appeared that he never made any tender to the defendant of the stock and of the dividends received thereon until he brought the certificate of stock into court and offered to transfer and deliver it to the defendant together with the dividends.

Where the plaintiff, in a suit in equity to rescind a purchase of stock which, the plaintiff alleged, he made in reliance upon material misrepresentations of fact by the defendant, failed to establish his right to rescind after hearing on the merits, he was not entitled to have the suit retained for the assessment of damages as in an action of deceit, especially as the evidence did not furnish any basis for such an assessment.

BILL IN EQUITY, filed in the Superior Court on October 19, 1931, and afterwards amended, described in the opinion.

The suit was heard by *Weed*, J., by whose order a decree dismissing the bill was entered. The plaintiff appealed. Material findings by the judge and the record on appeal are described in the opinion.

*J. H. Cinamon*, for the plaintiff.

*W. T. Snow*, for the defendants.

PIERCE, J. This is an appeal from a final decree dismissing the plaintiff's bill for the rescission of stock purchases, and for other relief.

The plaintiff is a practising attorney. The defendants are The National Shawmut Bank of Boston (hereinafter called the bank), The Shawmut Corporation (hereinafter called the corporation), the trustees "under a Voluntary Trust of the Shawmut Association" and the Shawmut Association (hereinafter called the association). The testi-

mony was taken by a stenographer at the request of all parties, and is shown in the record. There were twenty-six exhibits in the case. No exhibit except 7 (circular "A") is printed in the record, nor are any of the eighteen requests of the defendants which were granted by the trial judge so printed. Exhibit 1, "Declaration of Trust," is before this court in printed pamphlet form. Exhibits 2–12, both inclusive, 15, 18, 19, 25, and 26, are before this court in typewritten form. No objection to the admission in evidence of any of these exhibits is argued by the defendants. The record contains a report of material facts by the trial judge, and an order for a decree "dismissing the bill with costs taxed as at law." The findings of the trial judge, and also a copy of circular "A" which is annexed to the bill of complaint and contains alleged false representations, are contained in the record.

The report of material facts, the testimony as such not being referred to by the trial judge, in substance is as follows: The plaintiff, a lawyer, is seeking to rescind the purchase of two hundred fifteen shares of common stock in the defendant association. The bank through its officers caused the association to be organized by a declaration of trust dated May 21, 1928, which was admitted in evidence. The plaintiff, on February 14, February 15, and November 7, 1929, purchased, upon the solicitation of the assistant manager of the State Street branch of the bank, in his own name and in that of his wife, the stock in question, totalling two hundred fifteen shares. At the time of the first sale he was given a circular "A" relative to said shares issued by the corporation. On November 21, 1929, he purchased one hundred more shares through The Atlantic National Bank of Boston. The plaintiff bases his right to rescission on the allegedly false representations made by the assistant manager of the defendant bank, to the effect that the bank was backing the venture, that it had its money in it, that the bank "is watching it," that "They are going to handle it themselves, the expense is going to be very small, and it is a wonderful thing."

The plaintiff also relied in making said purchases on the

circular, and particularly on what was there said with respect to capitalization and expenses; more specifically, on the statement made therein "that no funded debt nor preferred stock were authorized and that only one million common shares was authorized," whereas, as he alleged, the trustees had the power to issue such obligations. The plaintiff also relied on the statement in the circular that "Its purpose was to provide a competent managing medium for public participation in profit on transactions of sound character," which statement was false, as the plaintiff alleged; and on the statement that the enterprise was a "Massachusetts Voluntary Association or Trust," whereas, as the plaintiff alleged, it could readily be transferred into a corporation or association or other trust which might or might not be organized "to provide a competently managed medium for public participation in profit earning transactions of sound character." The plaintiff contends that the main purpose was to benefit the bank, which was not the purpose declared in the circular. The plaintiff further relied on the statement in the circular that the paid-in capital was $8,150,000, whereas it actually was $8,230,000. It appears that the discrepancy of $80,000 was paid the corporation by vote of the trustees on June 7, 1928, in payment of all services and expenses pertaining to the actual sale of eighty thousand common shares of the association. It also appears that, subject to cancellation on sixty days' notice, from the bank's one eighth of the net earnings there was to be deducted "all ordinary expenses of the Association, except taxes and legal expenses." This arrangement was in force when the circular, Exhibit 7, attached to the bill, was issued and also when the plaintiff bought his stock. Had the plaintiff examined the declaration of trust he could have discovered the facts which he now alleges were concealed, but he did not do so until shortly before August 8, 1931.

The trial judge found that on August 8, 1931, the plaintiff wrote the association in behalf of his wife and himself demanding "the return of our investment"; that "no actual tender of the certificates for said shares and the

dividends received on account thereof was then or thereafter made to the association or to its attorney, but . . . the plaintiff brought said certificates into court and then and there offered to transfer and deliver the same to the association together with the dividends received on account thereof." The trial judge concluded and found that "the oral statements and declarations made to him [the plaintiff] . . . when he purchased the stock in issue were in the nature of dealer's talk and were not 'false and misleading' and that the statements contained in said circular were not 'misleading and false and inaccurate.'"

The defendants contend that this court cannot reëxamine the findings and rulings of the trial judge, in the absence of printed exhibits which were in evidence at the trial, nor in the absence of the defendants' eighteen requests for rulings, all of which were given by the trial judge. If no exhibits had been sent up with the papers, the omission would preclude this court from considering the case as an equity appeal with full report of the evidence. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Goshein* v. *Chavenson*, 261 Mass. 403, 404. *Old Colony Trust Co.* v. *Pepper*, 262 Mass. 270, 272. *Abeloff* v. *Peacard*, 272 Mass. 56, 59. Although certain typewritten papers and a pamphlet are physically before this court, these exhibits are not referred to by the trial judge as being incorporated in the record, nor is there any indication as to who prepared them, or that they are the exhibits referred to in the report of the evidence. In these circumstances the exhibits are not properly before this court. *De Propper, petitioner*, 236 Mass. 500, 502. *Abeloff* v. *Peacard*, 272 Mass. 56, 59. If the plaintiff desired to include the exhibits he should have pursued the proper course to have them included in the record. *Building Inspector of Salem* v. *Gauthier*, 259 Mass. 615, 616. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215.

Since there is a report of the material facts, this court may examine the conclusions of the trial judge to determine whether they are consistent with the facts reported, the pleadings and the documents in the record. *Lannin* v.

*Buckley,* 256 Mass. 78, 81. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. *Kenney* v. *Blackman,* 282 Mass. 268, 270. If it be assumed that the exhibits and pamphlet are before us, there is nothing in the whole which affords ground for modifying the report of material facts found by the trial judge. If it be assumed that a consideration of all the evidence warranted a finding of material misrepresentation of fact and that the plaintiff was induced to purchase the stock in reliance thereon in 1929, he could not rescind in August, 1931, because he has never made an actual tender of the certificates for said shares and the dividends received on account thereof. *Loomis* v. *Pease,* 234 Mass. 101, 107. *Rome* v. *Pollet,* 269 Mass. 27, 31. *Newell* v. *Rosenberg,* 275 Mass. 455, 457.

The plaintiff is not entitled to have his bill retained for the assessment of damages, for the reason that "It is only upon the basis of rescission that the plaintiff can have a decree, for the bill cannot be maintained for the assessment of damages to be ascertained as in an action of deceit." *Ginn* v. *Almy,* 212 Mass. 486, 502. Indeed, on the evidence there is no way to determine whether the stock would have been more valuable had the alleged misrepresentations been true, or to determine to what extent the general depression in stock values, for which the defendants were in no way responsible, independently affected the value of the stock.

*Decree affirmed with costs.*