MILTON H. GOSHEIN *vs.* AARON CHAVENSON & others.

Bristol.    October 24, 1927.— November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice*, Appeal, Findings by judge.  *Contract*, Construction, Performance and breach, Rescission.  *Equity Jurisdiction*, Rescission, Laches.  *Waiver.  Words,* "Assume."

It is the duty of a party appealing from a final decree in a suit in equity to see that the record includes all that is proper and necessary to determine whether the rulings made and the decree entered were proper; and, if the suit was heard by a judge and the evidence was taken by a stenographer appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), who omitted from the report exhibits, including letters and other documentary evidence which might have been considered by the judge in reaching some of his conclusions, such conclusions cannot be said to have been wrong.

The owner of real estate made an agreement in writing for its sale which stated: "Said premises are to be conveyed when paid for as herein provided," certain payments of cash and instalments being provided for, and that "The buyers agree to assume a first mortgage in a Savings Bank or Cooperative Bank for no less than $3500. for a first mortgage within eighteen months from this date."  *Held*, that

(1) The contract required that the mortgage was to be procured by the owner;

(2) The failure by the owner to procure the mortgage entitled the purchaser to rescind the contract and recover payments made by him thereon.

Although nearly a year elapsed after the date when the defendants were to procure the first mortgage before the suit was commenced, it could not be said as a matter of law that the plaintiff had been guilty of laches.

BILL IN EQUITY, filed in the Superior Court on March 1, 1926, and afterwards amended, and described in the opinion.

The answer contained no allegation of laches on the part of the plaintiff.  The suit was heard by *Walsh*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence.  Material facts are stated in the opinion.  By order of the judge, a final decree was entered ordering the contract rescinded and directing the defendants to pay to the plaintiff $1,659.65 and interest and costs.  The defendants appealed.

*S. Rosenberg,* (*J. B. Riddock* with him,) for the defendants.
*H. A. Lider,* for the plaintiff.

CROSBY, J.    By an agreement in writing dated September 13, 1923, the plaintiff agreed to purchase and the defendants to sell certain real estate situated in Fairhaven.  The plaintiff contends that the defendants have neglected and refused to carry out the agreement and brings this bill to rescind the same and to recover the sums paid by him on account thereof.

The presiding judge in the Superior Court found certain facts, made certain rulings of law, and ordered that the agreement be rescinded and that the defendants pay the plaintiff the sum of $1,659.65, together with interest and costs.  A final decree was entered in accordance with the order, from which the defendants appealed.

A commissioner was duly appointed to report the evidence under Equity Rule 29, and while he certifies that the evidence reported is an accurate report of the same, it appears in several instances in the transcript that exhibits, including letters and other documentary evidence, were admitted at the hearing before the court but are not embodied in the report, nor do they appear elsewhere in the record.  Accordingly the contents of such exhibits are not before us, although they may have been material in passing upon the issues involved.  It was the duty of the appellant to see that the record included all that was necessary to determine whether the rulings made and the order for a final decree were or were not erroneous.  It was said in *Romanausky* v. *Skutulas,* 258 Mass. 190, at page 194: "It is the general equity practice and procedure established by statute and by practice that the entire evidence must be reported on appeal when it is desired to have this court revise a finding made by a trial judge upon oral testimony.  That is the only way in which this court can be put in the position of the trial judge and enabled to review his conclusions as to findings of fact."  *Lindsey* v. *Bird,* 193 Mass. 200, 202.  *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144.

The agreement provides in part as follows: "Said premises are to be conveyed when paid for as herein provided by a good and sufficient Warranty Deed of the party of the first

part in which the wife shall properly join, conveying a good and clear title to the same free from all incumbrances except as otherwise herein mentioned. And for said premises the party of the second part is to pay the sum of Six Thousand Six Hundred and Fifty ($6,650) Dollars, payable Eight Hundred ($800) Dollars in cash upon the delivery of this agreement and the balance of $5850.00 as follows: — Interest shall be paid on $3500. as if it were a first mortgage at the rate of 6% per annum, payable quarterly in advance and upon the sum of $2350. at the rate of 8% per annum quarterly together with $50. every three months on the principal of $2350. This shall continue for three years from date thereof: When balance of $2350. shall be paid in cash to the sellers. The buyers agree to assume a first mortgage in a Savings Bank or Cooperative Bank for no less than $3500. for a first mortgage within eighteen months from this date."

The principal controversy between the parties at the hearing before the trial judge was whether the plaintiff or the defendants were required to procure the first mortgage for $3,500, which the plaintiff agreed to assume, within eighteen months from the date of the agreement. The title to the property at all times remained in the defendants who were not required to make conveyance to the plaintiff until three years after the date of the agreement and when all payments had been made thereunder. During that time the plaintiff had no title to the property, and therefore could not himself place a mortgage upon it. It is a natural and reasonable inference from the language used that the mortgage was to be procured by the defendants. The plaintiff made no agreement to procure from a savings bank or a coöperative bank a loan to the defendants, in whose name the title stood. What he agreed was that he would "assume" such mortgage when it had been obtained and placed upon the property by the defendants. It seems plain that the provision must be so construed, and that the trial judge so interpreted it. Moreover, there was evidence that both parties understood that the defendants were to obtain the first mortgage; that they at one time assured the plaintiff they would arrange it and later told him that they were not

required to do so and he must attend to it. There also was evidence that thereafter the defendants delivered to the plaintiff an unsigned deed of the property and that he endeavored to obtain such mortgage but was unable to do so.

The judge rightly ruled that the plaintiff was not required to arrange for the mortgage, but was obliged only to assume it in case it was obtained by the defendants during the period of eighteen months from September 13, 1923; and that it was the duty of the defendants to procure it under the terms of the agreement. It is not contended by the defendants that they complied with this provision of the agreement. The rulings that "If the respondents did not offer or tender a first mortgage in accordance with the terms of the agreement, and if they were unable to furnish same at all times during the eighteen months as stated then the buyer is entitled to rescind"; and that "The provision in the contract concerning the forfeiture of all rights has been waived by the respondents," were correct.

There was evidence tending to show that not all of the payments required to be made by the plaintiff were made at the time they became due and payable. The judge found that the defendants "waived their rights under the agreement in case of default in said payments." As all the exhibits are not before us and as the judge may have made his finding of waiver in whole or in part upon such exhibits, we are unable to say that this finding was erroneous. It is expressly provided in the agreement that if the defendants are unable to give title or make conveyance "as above stipulated," any payments made shall be refunded.

Upon this record we cannot say that the amount ordered paid by the defendants to the plaintiff does not represent the total payments made under the agreement less the amounts received by him as rent of the premises.

The eighteen months during which the defendants were to procure the first mortgage expired March 13, 1925, and the bill was filed March 1, 1926. It does not appear as matter of law that the plaintiff delayed an unreasonable time before bringing the bill. That question however is not before us.

No error appears in the findings of the trial judge or in the rulings made by him. It follows that the decree must be affirmed with costs.

*Ordered accordingly.*