JOSEPHINE A. FUCILLO *vs.* WILLIAM FUCILLO.

Suffolk.    March 6, 1950. — May 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Trust,* Express trust: what constitutes; Of personal property; Parol trust. *Equity Pleading and Practice,* Report of evidence.

Findings by a judge who heard a suit in equity could not be reviewed on appeal from a final decree where a purported report of the evidence did not include exhibits received in evidence at the hearing and not certified by the trial judge for use before this court under Rule 1 of the Rules for the Regulation of Practice before the Full Court as amended February, 1943.

In a suit in equity to establish a trust in certain savings bank accounts which had been owned by the plaintiff's husband previous to his death and by him had been transferred to the names of himself and of the defendant jointly with the intent, agreed to by the defendant, that the defendant should hold them in trust for the benefit of the husband during his life and at the death of the husband should pay one half thereof to the plaintiff, a finding by the judge, that by transferring the accounts the husband "did not intend to make either a present completed gift nor a gift to take effect upon his death," meant that he made no gift of any kind to the defendant, and was not "incompatible and inconsistent with the case stated" in the bill but was within its scope.

---

[1] By the final decree, in substance, the plaintiff's bill was dismissed; and, in respect to defendant's counterclaim, title to certain enumerated articles and to certain life insurance policies was declared to be in the defendant, and the plaintiff was ordered to deliver them to the defendant in twenty days; and the real estate numbered 7 Francis Street in Cambridge was decreed to be owned by the plaintiff and defendant as tenants in common. — REPORTER.

BILL IN EQUITY, filed in the Superior Court on August 23, 1948.

The suit was heard by *Brogna*, J.

*S. M. Webber*, for the defendant.

*N. H. Kolodny*, for the plaintiff.

COUNIHAN, J.  This is a suit in equity to enforce an oral trust in certain personal property, which the plaintiff alleges was set up by her deceased husband for her benefit and that of his mother.  From a decree establishing the trust and ordering payment to her of one half of the trust fund, the defendant appealed.  The mother was not a party to this suit.  Louis Fucillo, the husband of the plaintiff, died on October 2, 1947.  The plaintiff alleged that the trust arose out of transfer in September, 1945, of several savings bank accounts from Louis's name to that of Louis and the defendant, his brother, jointly and that prior to then the several bank accounts were the sole property of Louis.  The plaintiff further alleged that it was the intention of Louis, agreed to by the defendant, that the defendant was to hold these funds in trust for the benefit of Louis, who was then seriously ill, during his life and at his death to pay over one half of the balance of the trust funds to the plaintiff and the other half to his mother.

On October 16, 1947, the defendant withdrew all of the accounts in the trust and purchased certain shares of stock of the American Telephone and Telegraph Company, in his own name.  By amendment to her bill the plaintiff sought to reach and apply this stock in satisfaction of her claim, and the final decree included provisions for such relief.

The evidence was ordered to be reported; the judge made findings and order for decree.

Before passing to the merits it becomes necessary for us to discuss the purported report of the evidence which is before us.  From this it appears that eight exhibits were offered at the trial which are not in the report and which were not certified by the judge for use before this court under Rule 1 of the Rules for the Regulation of Practice

before the Full Court as amended February, 1943[1] (313 Mass. 787). In these circumstances this court may not review the findings of the judge for we do not have before us all the evidence which he had. We must necessarily confine ourselves to the pleadings and the findings of the judge.

The defendant rightly does not contend that this trust is invalid as matter of law. *Gordon* v. *Guernsey*, 316 Mass. 106, 108. The judge found "that the moneys deposited in the five savings bank accounts involved in this suit belonged to Louis Fucillo, and stood in his name until between August 31, 1945, and September 8, 1945, when he caused the accounts to be transferred to him and the defendant, his brother, jointly . . . that by so doing the deceased did not intend to make either a present completed gift, nor a gift to take effect upon his death. But that it was done upon the express agreement between him and his brother that the defendant was to get no beneficial interest therein, but that he was to hold the money in trust and that after the death of Louis Fucillo the defendant was to turn over one half thereof to the plaintiff and the other half to Gaetana Fucillo, the mother of Louis Fucillo and of the defendant . . . that the deceased retained possession of the bank books and that they were surreptitiously taken by the defendant from the deceased's apartment immediately after his death . . . that Louis Fucillo died on October 2, 1947, and that the accounts were closed by the defendant on October 16, 1947, and that the defendant withdrew therefrom the aggregate amount of $21,647.29; and that after the death of Louis Fucillo and before October 16, 1947, the plaintiff made demand on the defendant for her

[1] "Upon appeal or report in equity or probate proceedings, where the evidence is reported, if the trial judge or, in case of disability, another judge of the same court, after hearing the parties, certifies that the reproduction of the exhibits in the record would entail burdensome and unwarranted expense or would be impracticable, the exhibits need not be so reproduced but may be presented to the full court at the time of argument or of submission on briefs. Upon making the certificate the judge shall make such orders as he deems necessary for the preservation and presentation of the exhibits to the full court. The certificate shall identify the exhibits and together with any orders made in connection with its issuance shall be reproduced in the record."

half of the money . . . that the defendant used the money, together with $1,890.36 of his own money, to purchase one hundred fifty shares of the stock of the American Telephone and Telegraph Company without any authority from the plaintiff."

The appellant contends that the finding of the judge, that "by so doing [transferring the bank accounts] the deceased did not intend to make either a present completed gift, nor a gift to take effect upon his death," was "incompatible and inconsistent with the case stated" in the bill of complaint. This contention cannot be sustained for the finding read as a whole clearly means that no gift of any kind was made to the defendant. Such a finding was material since, if a gift was made to the defendant, there could be no trust. In all respects the findings of the judge were within the scope of the bill of complaint.

There appears to be a clerical error in the final decree. The decree is to be modified by ordering the defendant to pay the plaintiff the sum of $10,823.64 with interest thereon from October 16, 1947, and costs. As so modified the decree is affirmed with costs.

*So ordered.*