LAWRENCE J. WOODS *vs.* WILLIAM H. MACDONALD..

Worcester.   September 25, 1950. — November 3, 1950.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Pleading and Practice*, Report. of evidence, Findings by judge. *Contract*, Construction.

Findings reported by the trial judge on appeal in a suit in equity could not be reviewed by this court where certain material exhibits received in evidence at the trial were not included in a purported report of the evidence nor certified by the trial judge under Rule 1 of the Rules for the Regulation of Practice before the Full Court as amended February 1, 1943.

A written contract between two stockholders of a corporation, wherein
one, as purchaser of the shares of the other indorsed and delivered to
him, agreed to pay the seller, "except upon the contingency herein-
after stated," a specified sum "at any time" during a period of two
years from the date of the contract and it was provided that, if the
purchaser should not pay the specified sum during that period "and
it becomes necessary to liquidate or sell" the corporation, the seller
"shall be paid" one half of all money "received by or distributed to
. . . [the purchaser] as a stockholder on distribution," meant that
the necessity of liquidating or selling the corporation must arise within
the two year period; and where such necessity did not arise and the
specified sum was not paid within that period, the seller became en-
titled to payment of the specified sum.

A statement in the findings of the trial judge in a suit in equity, "I find
and rule that under the circumstances" the plaintiff was entitled to
payment of a certain sum by the defendant, meant that that conclu-
sion was permissible as matter of law and was found as matter of fact.

BILL IN EQUITY, filed in the Superior Court on January 14,
1949.

The allegations of the bill set forth in substance the mak-
ing of the contract described in the opinion; the indorse-
ment and delivery to the defendant of the plaintiff's shares
of stock in Spencer Wire Company, West Brookfield Plant;
nonpayment by the defendant to the plaintiff of $25,000
within two years after the date of the contract "or any time
thereafter"; information and belief on the part of the plain-
tiff that the corporation had "been liquidated or sold" and
that the defendant had "received monies and other assets
on account of said sale or liquidation"; failure and refusal
of the defendant "to account to the plaintiff for any monies
or other assets [so] received by him"; and want of an ade-
quate and complete remedy at law. The prayers of the bill
were that the defendant "be ordered to disclose whether a
sale or liquidation" of the corporation had occurred, that
"an account be taken of said sale or liquidation," that "the
amount or amounts for which the defendant is chargeable
and the share of the plaintiff therein be ascertained," that,
"upon said accounting being taken, the defendant be ordered
. . . to pay to the plaintiff the amount found due to him";
and for general relief.

The suit was heard by Donnelly, J.

In this court the case was submitted on briefs.

*J. W. Ceaty, P. J. MacCarthy, & J. L. Barsky,* for the defendant.

*C. J. Toscano, G. H. Yagjian, & H. Zarrow,* for the plaintiff.

WILKINS, J.   This is a bill for an accounting under a contract dated September 27, 1946, for the sale by the plaintiff to the defendant of fifty shares of the common stock of Spencer Wire Company, West Brookfield Plant, a Massachusetts corporation. The contract, after reciting that on that day the plaintiff had indorsed and delivered the shares to the defendant, made the following provisions as to payment: "2.   The said MacDonald does hereby agree to pay to the said Woods, except upon the contingency hereinafter stated, Twenty-five Thousand Dollars ($25,000) at any time during the period of two years from the date of the execution of this agreement. 3.   In the event that the said MacDonald does not, during the said period of two years thereof [*sic*], pay the full sum of Twenty-five Thousand Dollars ($25,000), and it becomes necessary to liquidate or sell the said Spencer Wire Company, West Brookfield Plant, the said Woods, his heirs, executors, administrators and assigns, shall be paid the sum of Fifty (50) per cent of all monies received by or distributed to the said MacDonald as a stockholder on distribution." The defendant appealed from a final decree ordering him to pay to the plaintiff the sum of $25,000 with interest.

The judge made voluntary findings, which, as the result will not be affected, we treat as the equivalent of a report of material facts made pursuant to G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1947, c. 365, § 2.   Both parties treat the evidence as properly reported. The judge's findings were filed May 1, 1950.   On May 16, 1950, there was filed the following paper signed by counsel for the defendant: "Now comes the defendant and upon appeal moves that the testimony of witnesses examined at the hearing of the above case before the said court be reported to the Supreme Judicial Court." No formal action was taken on

this motion by the judge, nor was there any formal appointment of a stenographer to report the testimony. The record, however, purports to contain testimony at the hearing certified by one who signs herself "Official Court Stenographer." We need not decide whether there has been compliance in this respect with G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1, because there is failure to comply in another. The purported record indicates that certain exhibits were marked at the hearing. One of these, the original agreement, is part of the record either by admissions in the pleadings or by the judge's findings. Another exhibit purported to be a copy of the agreement and, we assume, would add nothing. Other exhibits, however, appear to have been books of account and papers of the Spencer Wire Company, West Brookfield Plant. They have not been brought to our attention. They are not in the report and are not certified by the judge for our use under Rule 1 of the Rules for the Regulation of Practice before the Full Court as amended February 1, 1943 (313 Mass. 787). The defendant argues that the judge's findings were in numerous respects plainly wrong. In the absence of all the evidence we cannot consider such contentions. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Goshein* v. *Chavenson*, 261 Mass. 403, 404. *Yoffa* v. *National Shawmut Bank*, 288 Mass. 422, 426. *Staples* v. *Collins*, 321 Mass. 449, 452. *Silke* v. *Silke*, 325 Mass. 487, 489. *Fucillo* v. *Fucillo*, 325 Mass. 723, 724–725.

The case must be decided on the pleadings and the findings of the judge. *Sidlow* v. *Gosselin*, 310 Mass. 395, 397–398. *Gordon* v. *Guernsey*, 316 Mass. 106, 108. *Skerrett* v. *Hartnett*, 322 Mass. 452, 454. At the date of the contract each party owned fifty shares of the capital stock. The judge found to be "without basis" the defendant's contention that the plaintiff had been paid through the release of $25,000 deposited by the plaintiff as collateral to secure a loan made by a bank to the company. He made no finding that it had become necessary to liquidate or sell the company, but, inferentially tending to the contrary, he found

that the company was under the defendant's entire control, had not been liquidated, and probably never would be. The reasonable construction of the contract, in our opinion, is that the necessity to liquidate or sell must arise within two years from the date of the contract. The judge stated, "I find and rule that under the circumstances Woods on either contingency set out in the agreement is entitled to receive from MacDonald the sum of twenty-five thousand dollars." This statement imports that the conclusion is permissible as matter of law and is found as matter of fact. *Roney's Case*, 316 Mass. 732, 734. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 137. *National Shawmut Bank* v. *Cumming*, 325 Mass. 457, 461. The conclusion cannot be successfully impugned on this record. There is no merit in the contention that the relief given was not open under the bill as drawn. *Reeves* v. *Scott*, 324 Mass. 594, 602.

*Decree affirmed with costs.*