# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

GASTON L. DARGIS, executor, *vs.* EMILIE LANE. January 28, 1954. Decree affirmed. This is an appeal by a residuary legatee from a decree allowing the first and final account of the executor under the will of Emile S. Dargis. The grounds of objection are that the property distributed did not include all the estate of the testator, as two mortgage notes were omitted. There are no express findings of fact, and the evidence is reported. The report of the evidence shows that various documents were marked as exhibits. None of these is reproduced in the record, and there is no certificate of the judge, dispensing with such reproduction. Rule 1 (A) of the Rules for the Regulation of Practice before the Full Court (1926), as amended, February 1, 1943, 313 Mass. 787; now substantially repeated in Rule 6 (A) of the Rules for the Regulation of Practice before the Full Court (1952) 328 Mass. 696. This is not an appeal with report of all the evidence. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Goshein* v. *Chavenson*, 261 Mass. 403, 404. *Yoffa* v. *National Shawmut Bank*, 288 Mass. 422, 426. *Greenberg* v. *Flaherty*, 306 Mass. 95, 98. *Gordon* v. *Guernsey*, 316 Mass. 106, 107–108. *Woods* v. *MacDonald*, 326 Mass. 401, 404. See *Cohen* v. *Santoianni*, 330 Mass. 187, 189–190. The only question open is the power of the Probate Court to make the decree upon any evidence which might have been presented at the hearing on the accounts. *Gleason* v. *Hastings*, 300 Mass. 305, 307. *Gorey* v. *Guarente*, 303 Mass. 569, 570–571. No error appears.

*Bernard B. Gould*, for the petitioner.

*Isadore A. Solomon*, for the respondent Lane.

ISABELLA BOHMAN *vs.* RUSSELL MAHLER & another. January 28, 1954. Decrees sustaining demurrer and dismissing bill affirmed. The bill alleges that the defendant assaulted the plaintiff and injured her real estate. The demurrer sets up want of equity and the existence of a plain, adequate and complete remedy at law. No act of a continuing nature is alleged. An action of tort would afford adequate relief for any act of the defendants alleged in the bill.

*Isabella Bohman*, pro se.

No argument nor brief for the defendants.