ROBERT M. SHAPIRO *vs.* STATE FARM MUTUAL
INSURANCE COMPANY & another.

Hampden.   October 10, 1968. — December 10, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
SPIEGEL, & REARDON, JJ.

*Insurance,* Motor vehicle liability insurance. *Estoppel. Equity Pleading and Practice,* Report of evidence, Report of material facts.

An appeal from the final decree in a suit in equity could not be treated as an appeal with a report of the evidence where an exhibit was not reproduced in the record and there was no certificate of the judge dispensing with its reproduction under S. J. C. Rule 1:06 (1).  [55]
A report of material facts under G. L. c. 214, § 23, in a suit in equity must contain every fact necessary to support the decree; no fact not expressly found may be implied from the entry of the decree.  [55–56]
Liability of the insurer under a policy of motor vehicle liability insurance to pay a judgment obtained against the alleged insured was not proved in a suit in equity by the judgment creditor to reach and apply the proceeds of the policy in satisfaction of the judgment where, although the insurer admitted that the judgment debtor was "its assured," the policy was not put in evidence and its coverage did not appear, and, in view of a specific denial by the insurer that the policy

was a Massachusetts policy and of absence of a finding that the judgment debtor was a resident of Massachusetts, it could not be assumed that the insured automobile was registered in Massachusetts and therefore that the policy at least contained Massachusetts compulsory coverage.   [56–57]

In a suit in equity to reach and apply the proceeds of a motor vehicle liability insurance policy in satisfaction of a judgment obtained against the alleged insured, no basis for a contention by the plaintiff that the insurer was estopped to disclaim liability under the policy was shown where there were no findings on the issue of estoppel. [57]

BILL IN EQUITY filed in the Superior Court on November 1, 1965.

The suit was heard by *Noonan,* J.

*John B. Killilea* (*Richard K. Hadden* with him) for the insurer.

*Steven W. Silverman* for the plaintiff.

SPALDING, J.   This bill in equity was brought to reach and apply the proceeds of a motor vehicle liability policy, allegedly issued by the defendant State Farm Mutual Insurance Company (insurer) to the defendant Richard M. Watt, in satisfaction of a judgment recovered by the plaintiff against Watt.   See G. L. c. 175, §§ 112, 113; c. 214, § 3 (10). Although the evidence purportedly is reported, it appears that at least one of the exhibits is not reproduced in the record, and there is no certificate of the judge dispensing with such reproduction.   S. J. C. Rule 1:06 (1), 351 Mass. 735.   Therefore this appeal cannot be treated as one with all the evidence reported.   *Fucillo* v. *Fucillo,* 325 Mass. 723, 724–725.   *Woods* v. *MacDonald,* 326 Mass. 401, 404, and cases cited.   *Dargis* v. *Lane,* 331 Mass. 759.

The judge made findings of fact and entered a decree ordering the insurer to pay the amount of the plaintiff's judgment.   The insurer appealed.   The findings of the judge apparently were intended to include all facts necessary for the determination of the issues and were the equivalent of a report of material facts under G. L. c. 214, § 23.   *Goldston* v. *Randolph,* 293 Mass. 253, 255.   *Uccello* v. *Gold'n Foods, Inc.* 325 Mass. 319, 320.   Such a report of material facts must contain every fact necessary to support the decree,

from the entry of which no fact not expressly found may be implied. *Carilli Constr. Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The plaintiff obtained a judgment for $1,890.70 against Watt on November 25, 1963. On September 14, 1964, a petition to vacate this judgment was allowed, conditioned on the payment of $50 in costs to the plaintiff. A check for this amount was not tendered until April 16, 1965, some seven months later. The plaintiff returned the check because execution had issued on the judgment on November 18, 1964. Thereafter the plaintiff commenced the present proceeding to satisfy the judgment from the proceeds of Watt's insurance policy. The judge found that the petition to vacate the judgment was denied because of the insurer's failure to pay costs within a reasonable time and ordered the entry of the decree which is the subject of this appeal.

1. The insurer contends that the plaintiff did not satisfy the burden of proving that the policy of insurance obligated the insurer to pay the judgment. *Joyce* v. *London & Lancashire Indem. Co.* 312 Mass. 354, 358–359. *Owens* v. *Dinkins*, 345 Mass. 106, 109. This contention must prevail. Concerning this aspect of the case we learn little or nothing from the findings. The plaintiff did not introduce the policy at trial. The findings of the judge reveal only that the plaintiff recovered judgment against Watt and obtained execution. It is true that the insurer's answer admitted that Watt was "its assured"; but there were no admissions concerning the policy's coverage. Nor are there any findings touching the matter of coverage.

It cannot be assumed that the policy at least contained provisions complying with the Commonwealth's motor vehicles compulsory insurance laws. See c. 175, § 113A. The insurer specifically denied both that the policy was written in Massachusetts and that it was subject to Massachusetts law. This is not a case where it can be assumed that Watt would have registered the car in Massachusetts, and therefore obtained a policy that complied with § 113A, because there is no finding that Watt was a resident of this State at the

time of the accident.[1]   Compare *Joyce* v. *London & Lancashire Indem. Co.* 312 Mass. 354.

The plaintiff argues that the insurer is estopped from disclaiming liability under the policy.   "It is well settled in this Commonwealth that an insurer, after having acquired information sufficient to warrant a disclaimer of liability, cannot continue in defence of an action and, upon the rendition of an unfavorable decision, then be heard to say it is not liable."   *Salonen* v. *Paanenen,* 320 Mass. 568, 572.   But if the insured defends under a nonwaiver agreement or under a reservation of its rights, no estoppel arises. *Id.* at 572–573.   The plaintiff, however, had the burden of proving that the insurer was estopped.   *Sweeney* v. *Frew,* 318 Mass. 595, 599.   There are no findings on the issue of estoppel;   nor is there a finding that the insurer defended the original action against Watt.   There is, therefore, no basis for holding that the insurer was estopped from denying liability under the policy.

2. The insurer also argues that the original judgment had been vacated because of defective service of process; that the court had no jurisdiction to condition the vacating of the judgment upon the payment of $50 costs;   and that therefore the original judgment was void.   A valid judgment in the original action, of course, is a prerequisite of the present suit.   *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188.   But we are in no position on this record to pass on the validity of the original judgment or on why it was vacated or on why the costs were imposed.   The decree is reversed. See *Woodworth* v. *Woodworth,* 273 Mass. 402, 406–407.   The insurer is to have costs of appeal.

*So ordered.*

---

[1] The judge found that Watt "was *formerly* a resident of Springfield, Hampden County, Massachusetts" (emphasis supplied).   But there was no finding that Watt was a resident of Massachusetts *at the time of the accident.* Nor does the limited admission in the answer that Watt had "lived temporarily" in Massachusetts add anything of significance.