# United States Court of Appeals
## For the First Circuit

No. 23-1332

JONATHAN MARTINS, individually and on behalf of all others
similarly situated,

Plaintiff, Appellant,

v.

VERMONT MUTUAL INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Kayatta, Selya, and Howard,
Circuit Judges.

Kevin J. McCullough, with whom Michael C. Forrest and
Mazow/McCullough, P.C. were on brief, for appellant.
Michael S. Batson, with whom Michael C. Kinton and Clyde & Co
US LLP were on brief, for appellee.

February 6, 2024

**SELYA**, **Circuit Judge**.  Scripture teaches that "there is no new thing under the sun."  Ecclesiastes 1:9.  Yet — in an industry as old as time itself[1] — new twists still occur.  This is such a case.

Plaintiff-appellant Jonathan Martins (Martins) attempts to prosecute a new strain of claim against a liability insurer, defendant-appellee Vermont Mutual Insurance Company (Vermont Mutual).  The district court entered summary judgment in favor of Vermont Mutual.  See Martins v. Vermont Mut. Ins. Co., 662 F. Supp. 3d 55, 67 (D. Mass. 2023).  We affirm.

## I

We briefly rehearse the relevant facts and travel of the case.  We draw our narrative from the summary judgment record and construe the facts in the light most flattering to the party against whom summary judgment was entered (here, Martins).  See Pleasantdale Condos., LLC v. Wakefield, 37 F.4th 728, 730 (1st Cir. 2022).  By the same token, we draw all reasonable inferences from the factual record to Martins's behoof.  See id.

Martins is a citizen and resident of Malden, Massachusetts.  Vermont Mutual is an insurance company with a

---

[1] Cf. Hammurabi's Code of Laws § 235 (L.W. King trans.) ("If a shipbuilder build a boat for some one, and do not make it tight, if during that same year that boat is sent away and suffers injury, the shipbuilder shall take the boat apart and put it together tight at his own expense.  The tight boat he shall give to the boat owner.").

principal place of business in Montpelier, Vermont. On January 23, 2017, Martins's 2015 Nissan Altima was damaged when it was involved in a crash with a vehicle driven by Elhadjmamado Dansoko. At the time of the collision, Dansoko was insured under a policy issued by Vermont Mutual.

Dansoko's policy was written on a form that constituted the 2008 edition of the standard Massachusetts automobile insurance policy. Part 4 of this policy vouchsafed that the insurer would

> pay damages to someone else whose auto or other property is damaged in an accident. The damages we will pay are the amounts that person is legally entitled to collect for property damage through a court judgment or settlement.

Martins reported the accident to his insurer, Safety Insurance Company (Safeco), which paid him $11,711.80 to cover the full cost of repairs to his car. Vermont Mutual, in turn, paid Safeco $12,942.80, which included the costs of repairs, $331 for towing and storage fees, and $900 toward the temporary use of a rental car. Vermont Mutual appears later to have paid Martins an additional $635.91 to cover the remaining expense of his rental car.

Notwithstanding these payments, an attorney representing Martins sent a letter on June 26, 2017, to Vermont Mutual demanding payment of $6,129 for the "inherent diminished value" (IDV) of the

- 3 -

car. A Vermont Mutual representative responded, denying any responsibility either to Martins or to the putative class. In the same response, though, Vermont Mutual made a settlement offer. Martins spurned the offer. Instead — on August 23, 2017 — his attorney sent a demand letter under Mass. Gen. Laws ch. 93A, which alleged that Vermont Mutual had a practice of intentionally and knowingly making unfair and unreasonably low offers to cover claims for IDV damages of third-party claimants.

That same day, Martins filed a putative class action against Vermont Mutual in a Massachusetts state court, claiming breach of contract and seeking a declaration of rights. After Vermont Mutual denied the material allegations of Martins's complaint and tendered an increased settlement offer (which Martins rejected), Martins amended his complaint. The amended complaint asserted a claim for breach of contract (count 1), five claims under Mass. Gen. Laws ch. 93A (counts 2 through 6), and a claim for declaratory relief (count 7). Noting the existence of diverse citizenship and the requisite amount in controversy, see 28 U.S.C. § 1332(a), (d), Vermont Mutual removed the case to the United States District Court for the District of Massachusetts, see id. § 1441.

Following further proceedings, not relevant here, the district court eventually granted summary judgment in favor of Vermont Mutual. See Martins v. Vermont Mut. Ins. Co., 411 F. Supp.

3d 166, 173 (D. Mass. 2019).  The court held that Part 4 of the standard Massachusetts automobile policy did not provide coverage for IDV damages.  See id. at 172-73.  A timely appeal ensued.

While Martins's appeal was pending, the Massachusetts Supreme Judicial Court (SJC) held that Part 4 did, in fact, provide coverage to third parties for IDV damages.  See McGilloway v. Safety Ins. Co., 174 N.E.3d 1191, 1199 (Mass. 2021).  Martins proceeded to send another demand letter to Vermont Mutual, inviting it to adjust both Martins's claim for IDV damages and the claims of other putative class members.  Vermont Mutual declined the invitation but made yet another settlement offer.  Martins rejected the new offer.  Meanwhile, this court — in an unpublished judgment — vacated the district court's entry of summary judgment and remanded the case for reconsideration in light of McGilloway.  See Martins v. Vermont Mut. Ins. Co., No. 19-1878, 2021 WL 9549392, at *1 (1st Cir. Nov. 9, 2021).

After Martins stipulated to the dismissal of all of his claims save for counts 1 and 7 and once again declined a settlement offer, he moved to amend his complaint to include new claims under Mass. Gen. Laws ch. 93A and ch. 176D.  In a single swoop, the district court considered this motion, the earlier motion for class certification, and the parties' motions for summary judgment on the two remaining claims.  It first denied the motion to amend the complaint, finding that motion to be both unduly delayed and

- 5 -

futile.  See Martins, 662 F. Supp. 3d at 62-63.  It then denied Martins's motion for summary judgment as to count 1 and granted Vermont Mutual's cross-motion, holding that there was no viable breach-of-contract claim against Vermont Mutual because Martins had not obtained a final judgment against Vermont Mutual's insured (Dansoko).  See id. at 66.  Finally, the district court refused to certify the class, denied Martins's motion for summary judgment on count 7, and granted Vermont Mutual's cross-motion for summary judgment.  See id. at 66-67.

This timely appeal followed.

**II**

We review the district court's order for summary judgment de novo.  See Pleasantdale, 37 F.4th at 732. To prevail on summary judgment, the moving party must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Morelli v. Webster, 552 F.3d 12, 18 (1st Cir. 2009).

Because Martins's action was brought in diversity jurisdiction pursuant to the Class Action Fairness Act, see 28 U.S.C. § 1332(d), state law supplies the substantive rules of decision, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In this instance, we accept the parties' reasonable agreement that Massachusetts law controls.  See Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 375 (1st Cir. 1991) (holding that "a federal

- 6 -

court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement" as to which state's law controls).

Before us, Martins takes issue only with the district court's resolution of his breach-of-contract claim.[2] He offers two reasons why — in his view — the district court's decision should not stand. Neither reason is convincing.

**A**

Martins first contends that he is entitled to recover IDV damages directly from Vermont Mutual and, thus, has a valid breach-of-contract claim. This is the case, he says, even though he never obtained an underlying judgment against (or settlement with) Dansoko. In support, Martins cites to the SJC's decision in Flattery v. Gregory, 489 N.E.2d 1257 (Mass. 1986). There, the SJC merely "recognize[d] again the principle of law that, 'when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.'" Id. at 1260 (quoting

---

[2] Although Martins mentions the district court's denial of both his motion to amend and motion for class certification in his statement of issues, he has wholly failed to develop these arguments. Consequently, any such arguments are deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

- 7 -

Rae v. Air-Speed, Inc., 435 N.E.2d 628, 632-33 (Mass. 1982)). When read in conjunction with the SJC's recent decision in McGilloway extending IDV damages to third parties, Martins asseverates, the combination clears the way for him to bring a direct breach-of-contract claim against Vermont Mutual. And he puts the frosting on the cake by suggesting that Mass. Gen. Laws ch. 175, § 112 "mandates that a judgment need not be necessary for a liability automobile insurer's duty to be imposed upon the insurer."

We do not agree. To begin with Martins's latter suggestion, we find his reading of the statutory text to be off-kilter. The provision in question states that "the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage." Mass. Gen. Laws ch. 175, § 112. Martins reads this provision through rose-colored glasses — as affording a third-party claimant a direct cause of action against an insurer. But that is not what the provision states. All that it says is that a third-party claimant need not wait until the insured tortfeasor has satisfied the final judgment before demanding that an insurer pay damages. We think that the provision says what it means and means what it says — and it says nothing about whether a third-party beneficiary

(such as Martins) can directly maintain a cause of action against an insurer in the first place.[3]

Martins's reading of the case law fares no better. Although the language that he cites from Flattery indicates that he is an intended third-party beneficiary and has a potential breach-of-contract cause of action against Vermont Mutual, neither that language nor anything else in the cited case says a word about the mechanics of acting on such a cause of action. In fact, the Flattery plaintiff obtained a judgment against the defendant before initiating the lawsuit. See 489 N.E.2d at 1258. Because the case at hand revolves around the very question of whether obtaining a judgment is a necessary predicate for maintaining a cause of action against Vermont Mutual, Flattery is of little help.

We add, moreover, that there is established case law that cuts sharply against Martins's claim that he has an already existing cause of action against Vermont Mutual. In Rogan v. Liberty Mutual Insurance Co., the SJC explicitly declared that "[t]he statutes affording a remedy for an injured plaintiff against an insurer issuing a liability policy require as a prerequisite to

_____

[3] Martins makes a number of arguments predicated on provisions contained in Mass. Gen. Laws ch. 93A and ch. 176D. Because the district court denied his motion to amend his complaint to include claims based on these provisions and because he does not appeal that denial, we do not consider these arguments.

suit 'the recovery of a final judgment' against the insured wrongdoer." 25 N.E.2d 188, 189 (Mass. 1940).

Martins attempts to portray Rogan as an anachronism — an "inapplicable authority from 1940." But his effort to blunt the force of Rogan comes up empty-handed. Although Martins is correct in noting that the defendant in Rogan was ultimately deemed not to be liable because he was not within the jurisdiction of the court that issued the final judgment, see id., that circumstance does not render Rogan's determination that a final judgment is a prerequisite to a cause of action inapplicable.

So, too, Martins's suggestion that Flattery superseded Rogan represents a triumph of hope over reason. As we noted earlier, Flattery did not spell out how a third-party beneficiary obtains a cause of action. Rather — as the district court perspicaciously observed — "Flattery is . . . entirely consistent with Rogan." Martins, 662 F. Supp. 3d at 65 n.2. Given that the SJC has never overruled — or even come close to overruling — the principle enunciated in Rogan, see Shapiro v. State Farm Mut. Ins. Co., 242 N.E.2d 753, 755 (Mass. 1968) ("A valid judgment in the original action, of course, is a prerequisite of the present suit."); see also Lifchits v. Integon Nat'l Ins. Co., No. 18-12637, 2020 WL 4756272, at *5 (D. Mass. Aug. 17, 2020) (holding that, absent claim under Mass. Gen. Laws chs. 93A or 176D, plaintiffs

- 10 -

may not institute direct actions against insurers), we discern no impediment to applying Rogan's holding to the case at hand.[4]

**B**

Martins next argues that Vermont Mutual is estopped from denying that it is liable to him for IDV damages. By paying for the cost of repairs, towing, storage, and car rental, his thesis runs, Vermont Mutual has accepted general liability. And in light of McGilloway, Martins insists, this liability now extends to IDV damages. Having thus already partially performed its duty and paid some damages, Martins says, Vermont Mutual is now estopped from denying that it owes IDV damages.

This argument gains Martins no traction. For one thing, there is an obvious difference between an insurer being obligated to make a reasonable settlement offer and an insurer conceding liability. See Chiulli v. Liberty Mut. Ins., Inc., 146 N.E.3d 471, 481 (Mass. App. Ct. 2020) (explaining that "the insurer's obligation to make a reasonable settlement offer is independent of how a jury might view the question of liability"). For another thing, in order to establish estoppel, Martins would have to show

---

[4] We note that there is nothing in McGilloway that tips the scales in the other direction. Although the SJC revived and remanded the breach-of-contract claim made by the third party against the insurer of the tortfeasor, see 174 N.E.3d at 1199, it did so without any discussion at all concerning whether such claims might be untenable for reasons other than those raised by the parties in that case. We are, therefore, not inclined to find that Rogan was implicitly overruled.

- 11 -

not only that Vermont Mutual made a representation intended to induce his reliance but also that he reasonably relied on such a representation and that he consequently suffered a detriment.  See Sullivan v. Chief Just. for Admin. & Mgmt. of Trial Ct., 858 N.E.2d 699, 711 (Mass. 2006).  Inasmuch as Martins does not even attempt to make these showings, his estoppel claim necessarily crumbles.

## III

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed**.