PATRICK A. GOLDRICK, administrator, vs. CLARA LACOMBE.

Bristol.   October 28, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Motor Vehicle.   Husband and Wife.*

Where a married woman, who carries on a teaming business on her separate ac-
count, her husband without a salary helping round doing what he can and her
son working for her as a teamster, pays for a motor car, bought under a con-
tract of conditional sale made in the name of her husband, but the car is not
registered either in her name or that of her husband and afterwards her hus-
band gives a mortgage of the car to secure a business debt owed by her,
and where the money paid out for the expenses of the whole family comes from
her receipts from the teaming business, if the motor car, when being driven by
the woman's son, runs into and kills a pedestrian on a highway, in an action
against the woman for causing the death of such pedestrian, in which these facts
are shown, it is error for the presiding judge to order a verdict for the defendant
on the ground that there was not sufficient evidence that the defendant owned
the motor car at the time of the accident, because the jury could find that the
husband held only a nominal title to the car in the right of his wife, and the
question of ownership should be left to the jury.

In the action above described the judge also ruled that there was not sufficient
evidence that the defendant controlled the operation of the car immediately
before and at the time of the accident, and, in sustaining the plaintiff's ex-
ceptions on the ground stated above, it was *said* that, if at a new trial the
jury should find that the defendant was not the owner of the car, there was
not sufficient evidence of control or of a joint enterprise to require a submis-
sion of these issues to the jury.

TORT by the administrator of the estate of Catherine Goldrick,
late of Fall River, under St. 1907, c. 375, for causing the death
of the plaintiff's intestate without conscious suffering on March
20, 1915, by running into her with a motor car alleged to have
been owned by the defendant and driven negligently by the de-
fendant's son, acting as her servant, on Davol Street in Fall River.
Writ dated January 31, 1916.

In the Superior Court the case was tried before *Dubuque,* J.
The evidence is described in the opinion. At the close of the
evidence the judge ordered a verdict for the defendant on the
ground that there was not sufficient evidence that the defendant
owned the motor car at the time of the accident and not suffi-

cient evidence that the defendant controlled the operation of the car immediately before and at the time of the accident. The plaintiff alleged exceptions.

*J. A. Kerns*, for the plaintiff.

*D. R. Radovsky*, for the defendant.

PIERCE, J. The undisputed evidence showed that on March 20, 1915, the plaintiff's intestate was struck by an automobile while crossing a public street, and that an hour later she died without conscious suffering as a consequence of the injuries she then received. "At the conclusion of the evidence the judge ordered a verdict for the defendant, Clara Lacombe, on the ground that there was not sufficient evidence that she owned said automobile at the time of the accident, and not sufficient evidence that the defendant directly controlled the operation of said automobile immediately before and at the time of the accident."

That the husband of the defendant could acquire from a third person a full legal title to the automobile although the only consideration for the transfer moved from the wife, is settled, *O'Brien* v. *McSherry*, 222 Mass. 147; nevertheless, the jury could find that the husband held only a nominal title in the right of his wife. The facts and circumstances attending the purchase and the use of the automobile are enough to require a submission of the issue of ownership to the jury. They were all admitted by or were inferable from the testimony of the defendant, and are, in substance, that she had been doing a teaming business on her separate account from 1903; that without a salary, her husband helped round doing what he could; that her son Alfred, thirty-nine years old, who was driving the automobile at the time of the accident and had operated it during the previous summer, had worked for her as a teamster since he left school and was able to work; that the proceeds of the business went to her entirely; that "everything that went to the comfort and necessity of the family, as food, clothing, light, heat, pleasure came from the receipts of the teaming business;" that the real estate that was owned at the time of the accident stood in her name; that the only property, the title to which stood in her husband's name, was this automobile, which was bought in 1913 by a conditional sale; that the automobile had not been purchased at her direction; that she let her husband have the money to pay for it because he did

not have any; that she did not remember how many times she had been to the garage with her husband to pay money on account of the automobile; that she was there when he paid $500; that she let him have that $500; that she did not remember whether it was cash or a check; that at the request of her husband she went alone to the garage to see the automobile two weeks before it was bought; that she looked at one shown her by the dealer; that she did not look at any other; that the price told her that day was $1,400; that the car she looked at was purchased at that price subsequently; that at the time of the accident she owed money to one Laplante; that her husband owed Laplante nothing; that Laplante, before the accident, was pressing her for the money; that her husband gave a mortgage of the automobile for security of that money; that she did not know any reason why her husband's automobile should be mortgaged to secure her debt; that she did not give her note, but had done so before. It further appeared that the automobile was not registered in her or in her husband's name.

If the jury should find that the defendant was not the owner, we do not think the evidence of control or of a joint enterprise was sufficient to require a submission of these issues to them.

*Exceptions sustained.*