FRANCIS McTIGUE vs. WILLIAM L. RYAN.

PETER J. McTIGUE vs. SAME.

Suffolk.   May 15, 1934. — May 26, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Registration.   *Agency*, Undisclosed principal.   *Evidence*, Competency.

At the trial of an action where the issue was whether an automobile was legally registered, both the person in whose name it was registered and his father testified that the son was the owner.   There was evidence that the negotiations for the purchase of the automobile were carried on by the father; that all papers in connection therewith were in his name and signed by him; that the automobile was delivered to him; that it was registered in the son's name immediately after the purchase; that the son paid for the insurance thereon and traded another motor vehicle belonging to him to the seller as part of the purchase price, although it was stated in one of such papers that that motor vehicle was the property of the father; that the father never made any payments for the automobile; and that the automobile was used by the father and mostly kept at his home, although it was kept at the son's home a part of the time.   *Held*, that

(1) Parol evidence was admissible to show that the contract for the purchase of the automobile made in the name of the father was in fact made by him as agent for the son as undisclosed principal;

(2) The testimony by the father and by the son that the son was the owner was sufficient to support a finding that he, and not his father, was the owner;

(3) A finding was warranted that the automobile was legally registered.

TWO ACTIONS OF TORT.   Writ in the first action in the Municipal Court of the City of Boston dated May 18, 1932. Writ in the second action dated May 19, 1932.

Upon removal of the first action to the Superior Court, the actions were tried together before *Morton*, J.   Material evidence is stated in the opinion.   There was a verdict for the plaintiff in the first action in the sum of $100, and a verdict for the plaintiff in the second action in the sum of $860. The defendant alleged an exception in each action.

*T. H. Mahony*, for the defendant.

*E. R. Bonitz*, for the plaintiffs.

RUGG, C.J. These are two actions of tort, the second for personal injuries by the operator of an automobile, and the first by the alleged owner for property damage to the same automobile due to a collision on a public way with an automobile negligently operated by the defendant. The cases come before us on exceptions to the denial of motions of the defendant for directed verdicts. The point to be decided is whether the automobile could be found to be legally registered in the name of the plaintiff Francis McTigue. The testimony, in substance, bearing on that point was this: Peter J. McTigue testified that he negotiated the purchase of the automobile from the vendor in behalf of Francis McTigue, and signed the purchase order therefor; that he never made any payments on the automobile; that he signed whatever papers he was asked to sign; that the automobile was delivered to him, and that he kept it for the greater part of the time at his home in Dorchester and used it in his business as a travelling salesman, although it was kept a part of the time at the home of Francis McTigue in Westborough; that the automobile was registered immediately after its purchase in the name of Francis McTigue who paid for the insurance, and that part of the purchase price was an automobile of Francis McTigue traded to the vendor. Francis McTigue testified that he lived in Westborough; that he had another automobile registered in his own name which he used; that he was the owner of the automobile which Peter J. McTigue drove at the time of the accident but that he let Peter J. McTigue use it in connection with his business. The bill of sale of the automobile was presented in evidence and was signed in the name of Peter J. McTigue, and contained a representation that the automobile turned in for credit belonged to him and that he would pay $62.05 per month until the balance was paid.

Parol evidence was admissible to show that the contract for the purchase of the automobile made in the name of Peter J. McTigue was in fact made by him as agent for the undisclosed principal who might have been found to be the plaintiff Francis McTigue. *Byington* v. *Simpson*, 134 Mass. 169. *Ritson* v. *Atlas Assurance Co. Ltd.* 272 Mass. 73. Both

plaintiffs testified that the automobile was owned by Francis McTigue. That was sufficient to support a finding that he, and not his father, was the owner of the automobile. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518. *Holland* v. *Boston*, 213 Mass. 560, 563. *Harlow* v. *Sinman*, 241 Mass. 462, 463. *Nash* v. *Lang*, 268 Mass. 407, 409.

In each case the entry may be

*Exceptions overruled.*