HENRY FISTEL *vs.* CAR .AND GENERAL INSURANCE CORPORATION, LIMITED, & another.

Suffolk.    November 7, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Judgment. Fraud. Contract,* Of indemnity. *Insurance,* Motor vehicle liability.

The fact, that a judgment for the plaintiff in an action for personal injuries against the operator of an automobile was entered pursuant to a collusive agreement made between the parties to defraud the insurer under a compulsory motor vehicle liability insurance policy after it had refused to defend the action, justified the dismissal of a suit against the insurer to enforce the policy under G. L. (Ter. Ed.) c. 214, § 3 (10).

BILL IN EQUITY, filed in the Superior Court on January 17, 1939.

The plaintiff appealed from a final decree dismissing the bill, entered by order of *Donnelly*, J.

*E. M. Dangel,* (*F. G. Lichtenstein & G. A. Goldstein* with him,) for the plaintiff.

*D. Stahl,* (*E. A. Hudson* with him,) for the defendants.

RONAN, J.    The plaintiff, a resident of New York, brought suit in the Municipal Court of the City of Boston against his uncle, the defendant Fistel, alleging that, while he was an employee of his uncle, he was injured by the negligent operation of an automobile by the latter, who was not insured under the workmen's compensation act. G. L. (Ter. Ed.) c. 152. The defendant Fistel was driving an automobile which was owned by his father-in-law, one Rosenfield, to whom the Car and General Insurance Corporation, Limited, had issued a compulsory automobile liability policy under

G. L. (Ter. Ed.) c. 90, §§ 34A–34J.  This policy did not insure against liability for injuries received by any person riding in the automobile as a guest.  The insurance company declined to defend the action, and the plaintiff and defendant agreed to the entry of judgment in the sum of $450.  The present bill was brought under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply in satisfaction of the judgment, the liability of the defendant insurance company under the policy.  The plaintiff appealed from a final decree dismissing the bill.

This appeal, with a report of the evidence, brings before us questions of fact for our determination, but the findings of the trial judge are not to be reversed unless they are plainly wrong.  *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, and cases cited.  The plaintiff did not appear as a witness.  We have examined all the testimony.  It is not necessary to narrate it in detail.  It is sufficient to say that the findings of the judge are not plainly wrong.  He found, among other facts, that "The plaintiff had come to Boston a few days before the alleged accident to visit his relatives here, including Carl Fistel.  I do not believe the testimony of Carl Fistel that the plaintiff was in his employ at the time of the accident.  I find that the plaintiff, at the time of the accident, was riding in the insured automobile as the guest of Carl Fistel and that he is not entitled to recover."  He also found that the injuries sustained by the plaintiff were trivial; that the agreement for judgment in the sum of $450 resulted from the collusion of the parties in the action at law; that the "judgment was agreed upon in order to serve as the basis for a false and fraudulent claim against the defendant corporation and the plaintiff is not in court with clean hands."

The plaintiff relies upon the familiar principle that one who has undertaken to indemnify another against loss arising out of a certain claim, and has notice and opportunity to defend an action brought upon such a claim, is bound by the judgment entered in such action, and is not entitled, in an action against him for breach of his agreement of indemnity, to secure a retrial of the material facts which have been es-

tablished by the judgment against the person indemnified. *Boston* v. *Worthington*, 10 Gray, 496. *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98. *Bowditch* v. *E. T. Slattery Co.* 263 Mass. 496. *Genard* v. *Hosmer*, 285 Mass. 259. That principle is inapposite to the facts found in the case at bar. It would be a reproach to the law if a court of equity could not prevent the enforcement of a judgment against a third person when it has been shown that such judgment was procured by fraud or collusion for the purpose of defrauding such third person. *Connor* v. *Haverhill*, 303 Mass. 42. *Michaels* v. *Post*, 21 Wall. 398. Accordingly, it has always been the law of this Commonwealth that a surety or indemnitor could avoid a judgment rendered against the principal or indemnitee, by showing that it was procured by collusion or fraud. *Heard* v. *Lodge*, 20 Pick. 53, 58. *Valentine* v. *Farnsworth*, 21 Pick. 176, 182. *Lowell* v. *Parker*, 10 Met. 309, 315. *Chamberlain* v. *Preble*, 11 Allen, 370, 376. *Prichard* v. *Farrar*, 116 Mass. 213, 220, 221. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 77. *Levinton* v. *Poorvu*, 293 Mass. 338, 341.

Nothing here decided is contrary to *Fessenden School, Inc.* v. *American Mutual Liability Ins. Co.* 289 Mass. 124, or *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, where there was no issue of the fraudulent procurement of the judgments sought to be enforced.

The decree must be affirmed with costs to the insurance company.

*Ordered accordingly.*