JAMES ROGAN *vs.* LIBERTY MUTUAL INSURANCE COMPANY & another.

Suffolk. November 17, 1939. — February 2, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Insurance,* Motor vehicle liability. *Judgment. Practice, Civil,* Service of process.

A suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), against the insurer in a motor vehicle liability insurance policy to enforce what purported to be a judgment for the plaintiff in an action for personal injuries caused by negligent operation of the motor vehicle of the insured could not be maintained where it appeared that the judgment had been entered by default for want of an appearance by the defendant in the action and that the only service of the writ had been by leaving a summons at a place which was not his last and usual place of abode.

BILL IN EQUITY, filed in the Superior Court on August 26, 1938.

After a hearing by *Kirk,* J., a final decree was entered dismissing the bill. The plaintiff appealed.

*H. J. Booras,* for the plaintiff.

*W. E. Carley,* (*E. B. Cass* with him,) for the defendant Liberty Mutual Insurance Company.

LUMMUS, J. On July 2, 1937, the defendant Walter F. Davis, who was insured by the corporate defendant with

respect to the operation of his automobile under the Massa-
chusetts compulsory motor vehicle liability insurance act,
G. L. (Ter. Ed.) c. 90, §§ 34A–34J, so negligently operated
his automobile upon a public way in Massachusetts as to
cause bodily injury to the plaintiff and damage to the prop-
erty of his employer. Liability for both was covered by
the policy. The plaintiff and his employer were awarded
judgments against Davis, and the employer assigned his
judgment to the plaintiff. The plaintiff then brought this
bill against Davis and the insurer to reach and apply in
satisfaction of the judgments the obligation of the insurer.

Davis lived in Boston from a time as early as January 1,
1937, and owned the automobile covered by the policy. On
September 10, 1937, Davis ceased to cover New England
as a salesman and was assigned to cover Maryland and
Virginia. He gave up his apartment in Boston on that day,
and sent his furniture to Baltimore, where it arrived on
October 1, 1937, and where he intended to live. He him-
self arrived in Baltimore about October 9, 1937. Before
November 1, 1937, he and his wife took a house in Balti-
more, and have lived there ever since. He did not sur-
render his Massachusetts registration plates for 1937, and
used them on his automobile throughout the year 1937
without registering his automobile in Maryland or any
other State; but that, in the view that we take of the case,
is immaterial.

The plaintiff and his employer began their actions against
Davis in the Municipal Court of the City of Boston on
November 26, 1937. The only service, made on November
27, 1937, was by leaving a summons at the apartment
from which Davis had moved in the preceding September,
described as "his last and usual place of abode." De-
faults were entered against Davis, who did not appear, and
damages were assessed and judgments were rendered against
him in his absence.

The policy required the insurer, with respect to both
bodily injury and property damage, "to pay on behalf of
the insured . . . all sums which the insured shall become
obligated to pay by reason of the liability imposed upon

him by law" for damage to others within the scope of the policy. The statutes affording a remedy for an injured plaintiff against an insurer issuing a liability policy require as a prerequisite to suit "the recovery of a final judgment" against the insured wrongdoer. G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10). *Mathewson* v. *Colpitts*, 284 Mass. 581, 585. *Gallo* v. *Foley*, 296 Mass. 306, 309. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101.

It is true, that where there has been a valid final judgment against the insured wrongdoer, establishing his liability to the injured plaintiff, the insurer also must accept it as conclusively establishing that liability. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448, 449. *Fistel* v. *Car & General Ins. Corp. Ltd.* 304 Mass. 458. See also *Martiniello* v. *Robitaille*, 293 Mass. 200, 202. But here the so called judgment was one in name and form only. In law it was no judgment at all, but a nullity. See *Carroll* v. *Berger*, 255 Mass. 132. Davis, a nonresident of Massachusetts, never submitted himself to the jurisdiction of our courts, and never was served with process here except by leaving a summons at a place that was no longer his residence. A valid judgment was a prerequisite of the present suit; and there was none. *Needham* v. *Thayer*, 147 Mass. 536. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14, 15, 16. *Bay State Wholesale Drug Co.* v. *Whitman*, 280 Mass. 188, 195. *Schmidt* v. *Schmidt*, 280 Mass. 216, 220. *McDonald* v. *Mabee*, 243 U. S. 90. The final decree dismissing the bill was right.

*Decree affirmed with costs.*