EARL C. JERTSON *vs.* ROBERT HARTLEY, JUNIOR,[1] & another.[2]

Suffolk.   December 8, 1960. — May 9, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Insurance,* Motor vehicle liability insurance, Insured. *Motor Vehicle,* Ownership, Insurance. *Res Judicata. Contract,* Of indemnity. *Evidence,* Relevancy and materiality.

In a suit in equity to reach and apply the alleged obligation of the insurer under the noncompulsory coverage of a motor vehicle liability insurance policy in satisfaction of a judgment for property damage recovered by the plaintiff against the son of a woman named in the policy as owner of the insured automobile, evidence that the automobile was purchased with the mother's money by her son while acting as her agent and was registered in her name warranted a finding that she owned it, so that the policy was not invalid on the ground that she had no insurable interest therein, and evidence that at the time of the accident giving rise to the judgment her son was operating the automobile with her consent required a conclusion that he had the status of an unnamed insured under the policy. [601–602]

A finding by the trial judge in a suit in equity, that there was no breach of the coöperation clause in a policy of noncompulsory motor vehicle liability insurance through alleged false statements made to the insurer by the named insured, a woman in whose name the insured automobile was registered, and her son, the operator of the automobile and an unnamed insured at the time it damaged the plaintiff's automobile, could not be said to be plainly wrong where the alleged false statements of

---

[1] The true name of this defendant is Robert G. Hartley, hereinafter referred to as Robert Hartley.

[2] Lumbermens Mutual Casualty Company.

the mother and the son pertained to the ownership of the automobile and the title to the money with which it was purchased, and it could be found that the statements were not made with an intention to deceive but were made in ignorance of the legal consequences of their acts. [602]

At the hearing of a suit in equity to reach and apply the alleged obligation of the insurer under a policy of noncompulsory motor vehicle liability insurance in satisfaction of a judgment for the plaintiff in an action of tort against the son, an unnamed insured, of a woman named in the policy as owner of the insured automobile, for damage to the plaintiff's automobile caused by the son's negligent operation of the insured automobile, the insurer was bound by specific findings by the judge who heard the tort action that the insured automobile was properly registered in the name of its owner, the mother, and that her son was operating it with her permission, even though the insurer had withdrawn its appearance in the tort action; and the specific findings were rightly admitted in evidence in the equity suit. [602–603]

BILL IN EQUITY, filed in the Superior Court on February 23, 1955.

The suit was heard by *Vallely*, J.

*David H. Fulton*, for Lumbermens Mutual Casualty Company.

*Dana J. Kelly*, (*William J. Conboy* with him,) for the plaintiff.

WILLIAMS, J. This is a suit in equity under G. L. c. 214, § 3 (10), to reach and apply the obligation imposed by a motor vehicle liability policy of the defendant insurance company (company) in satisfaction of a judgment for property damage entered for the plaintiff in an action of tort against the defendant Robert Hartley. G. L. c. 175, §§ 112–113. The evidence is reported and the judge has made a report of the material facts.

It is undisputed that on November 21, 1952, there was outstanding a motor vehicle liability policy issued by the company to one Ella B. Hartley providing optional coverage for property damage caused by the operation by her or some other person with her consent of a certain automobile described as a 1936 Ford coupe of which she was declared to be the owner. The policy provided as a condition for its enforcement that "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements,

securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.'' On the above date this car, while being driven by the defendant Robert Hartley, the son of Ella B. Hartley, collided with the plaintiff's car causing damage for which the plaintiff obtained judgment against Hartley in the amount of $1,909.02. The judgment remains unsatisfied.

The company alleged in its answer to the plaintiff's bill that the insured car did in fact belong to Robert Hartley and not to his mother; that Ella B. Hartley had no insurable interest in it; that to induce the company to issue said policy she falsely represented that she was the owner of the car; and that at the time of the accident no coverage under the policy existed. It further alleged that in connection with the plaintiff's claim both Mrs. Hartley and her son failed to coöperate with the company; that they were ''guilty of active connivance with the . . . [plaintiff] to bring about a loss to the'' company; and that the judgment against Hartley was procured by the fraud and collusion of the plaintiff with the Hartleys. It sought by counterclaim to enjoin Robert Hartley from further proceedings against it.

There was evidence that on November 22, the day after the accident, Robert Hartley gave a signed statement to an investigator for the insurance company in which he said that he had bought the Ford coupe three months before for $85 with money which he had saved from his job and that the car was registered in his mother's name. On January 6, 1954, in a second signed statement he said that he was eighteen and ''made a gift of this car to . . . [his] mother for the purpose of registration since . . . [he] was under twenty-one and couldn't register the car in . . . [his] own name.'' On March 3, 1953, Ella B. Hartley gave the company a signed statement to the effect that her son Robert bought the Ford coupe with money which he had earned and that he was the sole owner of it; that she registered it in her own name as she intended to use it also herself; and that Robert paid for the registration. In a second state-

ment on January 6, 1954, she said, "This car was the personal property of my son Robert but as I would have to use the car from time to time and as Robert was under twenty-one years of age I felt it best that the car be called mine so that it could be registered in my name. I did not contribute anything toward the purchase price of this car and in truth it was Robert's car but as I say for registration purposes I declared the car to be mine and my son Robert made a gift of the car to me for this specific purpose of registering the car. Robert retained the right to use the car any time he wished and should the car have been sold the proceeds of course would have belonged to Robert."

The plaintiff brought the action in which he obtained judgment against Robert Hartley on or about December 19, 1953. Ella B. Hartley was joined as a defendant. The declaration was in three counts, alleging in count 1 the negligent operation of the car by Robert, in count 2 that Robert was driving an illegally registered car, and in count 3 that Ella B. Hartley had permitted an improperly registered car to be on the highway. Appearances for the two defendants were entered by attorneys for the insurance company.

On May 20, 1954, the attorneys filed in behalf of each defendant answers to interrogatories by the plaintiff. In her answers Mrs. Hartley affirmed what she had told the insurance investigators, namely that she did not own the car but had caused it to be registered in her name. In Robert's answers he said that he was the owner of the car. In letters to Mrs. Hartley dated October 20 and December 28, 1953, the company advised her that it did not then have sufficient information to decide whether she was covered by her policy. On June 17, 1954, it notified her that it had found she was not the owner of the Ford coupe and disclaimed liability. On July 22, 1954, counsel for the company withdrew their appearances in the tort action. In July, 1954, the action came to trial before a judge of the Superior Court who, on October 26, 1954, entered a finding

for the plaintiff on count 1 against Robert Hartley.  He specifically found that the Ford coupe "was properly registered in the name of its owner, Ella B. Hartley . . . [and] that . . . Robert Hartley . . . was operating the aforesaid Ford coupe on the day in question with permission of the owner, Ella B. Hartley."

In the trial of the equity suit Robert Hartley testified that it was his mother's car.  Ella B. Hartley testified that she owned the car and thought she had it legally registered. She paid for it with the board money that her son had paid her and it was her money.

The judge found that the car in question was owned by Mrs. Hartley; that it was properly registered in her name; that it was being operated by Robert Hartley with her permission; that the damage to the plaintiff's car was caused by Hartley's negligence; and that the finding on which the judgment was entered "was not as a result of the connivance, lack of coöperation, fraud or collusion on the part of any of the parties to that action."

A final decree was entered ordering payment of the judgment by the company, dismissing its counterclaim, and dismissing the plaintiff's bill as against the defendant Hartley.  From this decree the company appealed.

The evidence is reported and we must decide the case according to our own judgment, giving due weight to the judge's findings.  *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178.  *Skil Corp.* v. *Barnet,* 337 Mass. 485, 488.  So far as they are based upon oral testimony these findings will not be reversed unless plainly wrong.  *Masterson* v. *American Employers' Ins. Co.* 288 Mass. 518, 521.

The company's contention that Mrs. Hartley had no insurable interest in the Ford coupe and that the policy was void cannot be sustained.  There was evidence that the car was purchased with her money and it could be found that in buying it her son Robert was acting as her agent.  It could be found that she was the owner.  See *Goldrick* v. *Lacombe,* 231 Mass. 397; *McTigue* v. *Ryan,* 286 Mass. 515, 517.  It could also be found that at the time of the accident Robert

was driving the car with her consent. He was therefore an unnamed insured person referred to in the policy, and as such was entitled to its benefits. It is the company's obligation to him which the plaintiff seeks to reach and apply. *Crompton* v. *Lumbermens Mut. Cas. Co.* 333 Mass. 160. *O'Kane* v. *Travelers Ins. Co.* 337 Mass. 182.

The coverage afforded by the policy for property damage was not compulsory and the company may maintain against the plaintiff any defences which would be available to it in a suit by Robert. *Imperiali* v. *Pica*, 338 Mass. 494, 497–498, and cases cited. The grounds relied on by the company are failure of the insured to coöperate, active connivance with the plaintiff, and procurement of the judgment by fraud and collusion.

The intentional furnishing of false information of a material nature either before or at trial is a breach of the coöperation clause. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 479. *Cassidy* v. *Liberty Mut. Ins. Co.* 338 Mass. 139, 142. We think the judge was not plainly wrong in finding adversely to the contention of the company in respect to this matter. The alleged false statements of Robert and his mother pertained in large measure to the ownership of the car and the title to the money with which it was purchased. It could be found that the statements were not made with an intention to deceive but were due to their ignorance of what might be the legal consequence of their acts.

In our opinion it was not reasonably inferable from the evidence that they or either of them connived or colluded with the plaintiff to obtain a judgment which would enable him to prevail in a subsequent suit against the company. The specific findings of the judge in the tort action were appropriate to explain why Mrs. Hartley, who was a codefendant, was not liable to the plaintiff. It is not to be assumed that the judge was improperly induced to make these findings.

The company's exception to their admission in the equity suit cannot be sustained. It is settled that "Where an ac-

tion against the insured is ostensibly within the terms of the policy, the insurer, whether it assumes the defence or refuses to assume it, is bound by the result of that action as to all matters therein decided which are material to recovery by the insured in an action on the policy. . . . This case is but one instance under a rule of broad application that an indemnitor, after notice and an opportunity to defend, is bound by material facts established in an action against the indemnitee." *Miller* v. *United States Fid. & Guar. Co.* 291 Mass. 445, 448–449. *Saragan* v. *Bousquet,* 322 Mass. 14, 20–21, and cases cited.

The finding that the car was properly registered in the name of Mrs. Hartley was material on the issue of her ownership and consequently of Robert's rights under the policy. It was rightly admitted in evidence.

*Decree affirmed.*