Rand v. Goldblatt.

---

EUNICE V. RAND *vs.* LOUIS GOLDBLATT.

Suffolk.    April 7, 1964. — June 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Personal Property,* Ownership. *Equity Pleading and Practice,* Appearance of counsel. *Attorney at Law.*

Upon findings in a suit in equity, not plainly wrong on reported evidence, that at the time of organization of a corporation, issuance of all its stock to the defendant, and the making of a substantial loan to the corporation secured in part by a pledge of the stock, "it was never intended that . . . [the defendant] should have at any time a complete ownership of any kind whatsoever" in the stock and he agreed to turn over the stock to the plaintiff when the loan should be paid, and that the loan had been paid, a decree ordering the defendant to transfer the stock to the plaintiff and to relinquish offices held by the defendant in the corporation was proper.    [568]

No error appeared in a suit in equity in overruling a plea in abatement alleging that counsel for the plaintiff had represented the defendant in matters out of which the suit arose.    [567, 568]

BILL IN EQUITY filed in the Superior Court on January 2, 1963.

Rand v. Goldblatt.

A plea in abatement by the defendant alleging in part that the suit was "based on and . . . [arose] out of matters, transactions, interests and disputes in which he was represented by the attorneys and counsel for the plaintiff . . . [and that the] interests of the plaintiff . . . are in conflict or hostile to the interests of the defendant" was overruled by *Pecce, J.,* and the defendant alleged an exception.   The suit was heard on the merits by *Tomasello, J.*

*Alexander E. Finger* for the defendant.

*Jules E. Angoff* (*Joseph Landis* with him) for the plaintiff.

REARDON, J.   This is a bill in equity to establish that all of the issued stock of Rand & Company, Inc. belongs to the plaintiff.   An order was sought that Goldblatt (in whose name the stock now stands) indorse and deliver it over to her and submit his resignation as president, treasurer, and director of the corporation.   By a final decree it was so ordered and Goldblatt appealed.   There was a report of material facts and the evidence is reported.

In 1958 the partnership business of the plaintiff's husband was in financial difficulty.   "[I]n a spirit of fatherly helpfulness" Goldblatt (the plaintiff's father), his son-in-law, and counsel coördinated their efforts in a plan to save the partnership business (1) by the filing of a petition for an arrangement under c. XI of the Bankruptcy Act, (2) by the organization of Rand & Company, Inc., and (3) by the sale to it of the partnership assets.   All of the stock in the new corporation was issued to Goldblatt and he became president, treasurer, and a director.   Under the plan the plaintiff and her husband turned over "checks and cash totalling over $25,000 in payment to the Receiver."   A bank loan of $50,000 secured in large measure by properties of the plaintiff and her husband was arranged.   The note to the bank was additionally secured by Goldblatt's pledge of all the stock of the new corporation, by indorsement of Goldblatt and his wife, and by securities owned by Goldblatt.

The intent of the parties at the time of the transfer of the stock to Goldblatt is decisive.   *Frank* v. *Frank,* 340 Mass.

132, 135. See *Gerace* v. *Gerace,* 301 Mass. 14, 17–19. The judge found that Goldblatt agreed to turn over the stock to the plaintiff when the bank loan was paid, that that event has occurred, and "[t]hat it was never intended that . . . Goldblatt should have at any time a complete ownership of any kind whatsoever in said shares of stock." On a review of the evidence it cannot be said that the judge was plainly wrong. *Jertson* v. *Hartley,* 342 Mass. 597, 601. In fact, the judge's conclusion seems amply supported by what is before us. Nor was there error in the overruling of the defendant's plea in abatement. See Rule 20 of the Superior Court (1954); *Norwood* v. *Dodge,* 215 Mass. 351, 352; *Arsenault* v. *Arsenault,* 337 Mass. 189, 193–194.

*Exceptions overruled.*
*Final decree affirmed with*
*costs of appeal.*