FERNAND L. BLAIS *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY & another.[1]

Hampden.    December 14, 1971. — February. 7, 1972

Present: TAURO, C. J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Insurance,* Liability insurance. *Contract,* Of indemnity. *Judgment, Release. Supreme Judicial Court,* Argument.

Under S. J. C. Rule 1:13, this court need not pass upon an issue stated in an appellant's brief but not argued by him. [70]

An agreement among the plaintiff in an action, his insurer, and the defendant that a judgment obtained against the defendant for fire damage to the plaintiff's house would be collected from the defendant only to the extent he was covered under a property damage liability insurance policy of his father did not, in a subsequent suit to reach and apply the proceeds of that policy brought against the father's insurer, modify the effect of the execution issued in the action and place the burden on the plaintiff to prove negligence of

---

[1] Russell D. Hamilton, Jr.

the defendant in the action [70]; nor did the agreement amount to a release of the defendant in the action so as to bar recovery in the subsequent suit [70].

In the absence of fraud or collusion, an insurer is bound by a judgment entered by consent against the insured. [70–71]

BILL IN EQUITY filed in the Superior Court on January 17, 1969.

The suit was heard by *Noonan, J.*

The case was submitted on briefs.

*Donald P. Conway* for Quincy Mutual Fire Insurance Company.

*Ronald C. Kidd & John H. Madden, Jr.,* for the plaintiff.

BRAUCHER, J. The defendant insurer (Quincy) appeals from the final decree in this suit in equity under G. L. c. 175 and c. 214 to reach and apply the proceeds of a "homeowners policy" of fire insurance issued by Quincy to the father of the individual defendant (Hamilton). The plaintiff's fire insurer, Phenix Mutual Fire Insurance Company (Phenix), paid the plaintiff for fire damage, claimed subrogation to the plaintiff's rights, and caused an action to be brought by the plaintiff against Hamilton in the District Court of Springfield. Judgment was entered for the plaintiff in that action and execution issued against Hamilton. In the present suit the final decree orders Quincy to pay to the plaintiff the amount of that execution, plus interest.

Largely on the basis of the judge's findings, we summarize the evidence, which is reported. On July 30, 1965, Hamilton was an occupant of the plaintiff's premises in Springfield, and a fire started where Hamilton had been smoking. Hamilton was then a resident of his father's house in Greenfield, and hence was insured against liability for property damage under the policy issued to his parents by Quincy. After a claim against Hamilton was made by Phenix, Quincy investigated Hamilton's residence and refused to defend any action against him or pay any damages on the ground that he was not a resi-

dent of his father's household. Before execution was issued in the District Court action, the plaintiff, Phenix and Hamilton agreed that there would be a judgment against Hamilton, and that neither the plaintiff nor Phenix "would . . . try to collect it from . . . Hamilton personally but only to the extent that he had coverage by liability insurance." The judge found that there was no bad faith or collusion in that settlement.

1. Quincy states as an issue in its brief the question whether Hamilton was within the liability coverage of the policy issued by it. It does not argue that question, however, and we need not pass upon it. S. J. C. Rule 1:13 (351 Mass. 738).

2. Quincy argues that the agreement to collect from Hamilton only to the extent that he had insurance coverage "would modify the effect of the execution" and "place the burden on" the plaintiff "to prove the negligence of" Hamilton, and that there was no evidence of negligence. No authority is cited for this contention, and it is contrary to our well established rule "that an indemnitor, after notice and an opportunity to defend, is bound by material facts established in an action against the indemnitee." *Miller* v. *United States Fid. & Guar. Co.* 291 Mass. 445, 448–449. *Jertson* v. *Hartley*, 342 Mass. 597, 603. See Restatement: Judgments, § 107 (a).

3. Quincy also contends that the agreement to collect only to the extent that Hamilton had liability insurance amounted to a release of the insured and barred the present suit. It was open to Quincy to defend on any ground which would be available to it in a suit by Hamilton, such as failure to coöperate, active connivance with the plaintiff, or procurement of the judgment by fraud and collusion. *Fistel* v. *Car & Gen. Ins. Corp. Ltd.* 304 Mass. 458, 460. *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188. See *Jertson* v. *Hartley, supra,* 602. Quincy pleaded bad ·faith and collusion, but the judge found against those defences, and we cannot say he was plainly wrong. In the absence of fraud or collusion the insurer would be bound by a judgment entered by de-

fault. *MacBey* v. *Hartford Acc. & Indem. Co.* 292 Mass. 105, 106. *Mitchell* v. *Farmers Ins. Exch.* 396 S. W. 2d 647, 654 (Mo.). A judgment by consent stands no worse. *Zander* v. *Texaco, Inc.* 259 Cal. App. 2d 793, 802–803. *Metcalf* v. *Hartford Acc. & Indem. Co.* 176 Neb. 468, 474–477. Compare *Pittsburgh Plate Glass Co.* v. *Fidelity & Cas. Co.* 281 F. 2d 538 (settlement of claim by the insured) ; *Geddes & Smith, Inc.* v. *Saint Paul Mercury Indem. Co.* 51 Cal. 2d 558 (statement of agreed facts and agreed conclusions of law) ; *Cadwallader* v. *New Amsterdam Cas. Co.* 396 Pa. 582 (settlement of claim by the insureds).

*Decree affirmed with costs of appeal.*