Toomey, J.
INTRODUCTION
The instant action was commenced by way of a complaint filed in the Worcester Superior Court on February 12, 1998. The complaint sought to reach and apply a contractual obligation allegedly owed by the defendant (hereinafter “Allstate”) to its insured (hereinafter “Chatelle”). Plaintiff (hereinafter “Bonilla”) had prevailed in a Clinton District Court tort suit against Chatelle, and, because Allstate was allegedly bound to indemnify Chatelle, under a mandatory, compulsory motor vehicle liability insurance policy, Bonilla brought the matter at bar to collect from Allstate upon his district court judgment against Chatelle.
The complaint was tried in the Worcester Superior Court on March 20, 2001. After the parties had rested, the court invited counsel to submit memoranda reflective of evidence received at trial. Those memoranda were delivered to the clerk on April 12, 2001.
Based upon the proof adduced at trial and the arguments presented by counsel, the court has found the facts, recited infra, by a fair preponderance of the credible evidence.
FACTS
1. On October 13, 1994, in Worcester, Massachusetts, Bonilla was struck by a motor vehicle operated by one Fenner, which had collided with a motor vehicle negligently operated by Chatelle.
2. As a result of Chatelle’s negligence, Bonilla suffered bodily injury and was required to bear certain consequential expenses.
3. The motor vehicle operated by Chatelle was insured by Allstate under a motor vehicle, compulsory, mandatory liability insurance policy in the amount of $20,000 per person/$40,000 per occurrence. The policy “appl(ied) to losses to the auto, accident and occurrences within the United States of America.” Additionally, the policy provided that, “if an accident . . . occurs in a state . . . other than one in which your car is principally garaged, . . . this policy will comply to the extent of liability and limits required [by the state of incident].”
4. On September 27, 1995, Bonilla brought suit in Clinton District Court seeking recovery in tort against, inter alia, Chatelle.
5. Sometime in October 1995, Allstate provided counsel to its insured, Chatelle.
*646 6. On December 21. 1995, Allstate notified Chatelle that it reserved its right not to provide him with a defense or coverage due to his “late notice" to Allstate of the October 13, 1994, accident.
7. On December 22, 1995, counsel for Chatelle filed an answer to Bonilla’s Clinton District Court complaint.
8. On December 28, 1995, Allstate notified Chatelle that it reserved its right not to provide him with a defense or coverage due to his “lack of cooperation” with Allstate in connection with the October 3, 1994, accident.
9. On May 2, 1996, Chatelle answered, on his counsel’s letterhead, interrogatories propounded to him by Bonilla.
10. On June 20, 1996, Chatelle answered, on his' counsel’s letterhead, a second set of interrogatories propounded to him by Bonilla.
11. Thereafter, Allstate instructed counsel for Chatelle, provided by Allstate, to take Bonilla’s complaint to trial.
12. On April 7, 1997, Bonilla moved for a default judgment upon his Clinton District Court complaint, asserting that Chatelle had failed, after appropriate service, to appear on three separate occasions at depositions.[1] The motion was allowed by Fallon, J.
13. On April 16, 1997, Allstate again notified Chatelle that he had “failed to cooperate and comply with our requests to attend your deposition.” Allstate also observed that, even though it had provided Chatelle a defense, he could expect no indemnification from Allstate because Allstate denied that Chatelle’s motor vehicle was “an insured auto under our policy.”
14. On April 17, 1997, Bonilla moved for an assessment of damages. Chatelle was present, with counsel, at the hearing upon the motion, but there is no evidence in this record as to his contributions, if any, to the proceedings.
15. On October 27, 1997, judgment was entered in favor of Bonilla by the Clinton District Court in the total amount of $12,369.47 (damages, interest, and costs). Execution in that amount issued by the Clinton District Court on January 2, 1998.
16. Chatelle has not satisfied that judgment, and Bonilla seeks recourse in the instant equitable action to reach and apply.
DISCUSSION
Bonilla's complaint in equity has been brought pursuant to G.L.c. 214, §3(9), and, in order to prevail upon this “reach and apply” effort, he is, at bottom, required to demonstrate that Allstate has an obligation to Chatelle who, in turn, has an obligation to Bonilla. The judgment of the Clinton District Court plainly established the running of the obligation from Chatelle to Bonilla, but the case at bar will turn upon whether Bonilla has demonstrated an obligation, running from Allstate to Chatelle, which may be employed to satisfy Chatelle’s obligation to Bonilla. For the reasons hereinafter stated, the facts, as found by this court, are persuasive that Bonilla has proved his entitlement to the reach and apply relief he now seeks. See, generally, Nolan and Sartorio, Equitable Remedies, 31 Mass. Prac. §387.
Notwithstanding that Allstate issued its insurance policy to Chatelle, whose vehicle was principally garaged in Connecticut, the policy was effective in Massachusetts, the situs of the loss to Bonilla. See Policy (Exh. 2, pp. 3, 5-6). That policy obligated Allstate to indemnify Chatelle for losses occasioned by him in amounts not to exceed $20,000 per person and $40,000 per occurrence. The Clinton District Court judgment fixed Bonilla’s loss, occasioned by Chatelle, at $12,369.47.[2]
Any breach by Chatelle of his policysuch as, for example, a late notice to Allstate or a failure to cooperate with Allstatedoes not defeat Bonilla’s right to reach and apply Allstate's indemnity obligation to Chatelle. Espinal v. Liberty Mutual Ins. Co., 47 Mass.App.Ct. 593, 597 (1999). Moreover, “late notice” by Chatelle cannot effectively be advanced by Allstate against Bonilla because there was no credible showing at bar that tardiness by Chatelle materially prejudiced Allstate in its representation of Chatelle in the Clinton District Court matter. See G.L.c. 175', §112; Johnson Controls, Inc. v. Bowes, 381 Mass. 278 (1980). Similarly, “lack of cooperation” by Chatelle does not avail Allstate as against Bonilla absent Allstate’s showing of actual prejudice and its own due diligence. See G.L.c. 175, §113(A)(5); Davey v. Hartford Ins. Co., 407 Mass. 481, 491 (1990); Imperiali v. Pica, 338 Mas. 494, 498-99 (1959) (holding that equity requires the insurer to make appropriate efforts to obtain the insured’s cooperation). Neither evidence of actual prejudice to Allstate nor evidence of reasonable remediation efforts by Allstate, in connection with Chatelle’s alleged failure to cooperate, were adduced at trial.
Finally, to Allstate’s argument that it need not indemnify Chatelle (or his “successor,” Bonilla) because the vehicle operated by Chatelle was not the one insured under the controlling policy, we note that the parties have stipulated to coverage. See Exh. 1, paras. 12 and 13. Additionally, Massachusetts law would appear to preclude Allstate's assertion, post the Clinton District Court judgment, that the loss producing vehicle was not the vehicle covered by the AllstateChatelle policy. See, e.g., Rogan v. Liberty Mutual Ins. Co., 305 Mass. 186, 188 (1940).
CONCLUSION
Judgment shall enter, therefore, in favor of plaintiff, permitting him to reach and apply the AllstateChatelle policy in the amount of $12,369.47 (the Clinton District Court judgment), plus any interest and costs in connection with the instant action to which plaintiff may be, by law, entitled.

 The instant record does not demonstrate either the dates of the depositions or that Chatelle was effectively served with notice to appear. There was, however, testimony at trial, which this court credits, that Allstate did not otherwise request Chatelle to appear for deposition. Allstate’s efforts to obtain Chatelle’s “cooperation” were, at best, tepid attempts and without meaningful followup.

 That the judgment was in the nature of default judgment is of no moment. See G.L.c. 175, § 113(A)(5).